**Eldridge Darwin STEWART, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09-83-137 CR.**

Court of Appeals of Texas,
Beaumont.

April 11, 1984.

Discretionary Review Refused
Oct. 31, 1984.

G. Patrick Black, Beaumont, for appellant.

John R. DeWitt, Asst. Crim. Dist. Atty., Beaumont, for appellee.

OPINION

McNICHOLAS, Justice.

This is an appeal from a conviction for burglary of a building. Punishment, en-

hanced by a prior felony conviction, was assessed by the court at confinement for 20 years.

On January 17, 1983, appellant entered his plea of nolo contendere, made a judicial confession to the offense charged in the indictment, and answered "[t]rue" to the enhancement paragraph. The court accepted the judicial confession and appellant's plea and asked appellant's counsel if he would like to "put on evidence at the punishment or a PSI", whereupon counsel replied "PSI, Your Honor. We might put on live evidence depending on events that will happen between now and then." The court ordered a pre-sentencing report and stated to appellant "between now and the 22nd of February the Probation Department is going to prepare a report for me. Whenever you come back on February 22nd I will give you my decision at that time."

■■ On February 17, 1983, appellant filed his "Motion To Withdraw Plea Of Nolo Contendre [sic]." This motion was filed 31 days after the court had accepted appellant's plea, heard the testimony and took the punishment phase of the case under advisement. Appellant's plea of nolo contendere has the same legal effect as a plea of guilty. *Lawrence v. State*, 626 S.W.2d 56 (Tex.Crim.App.1981). Where the appellant decides to withdraw his guilty plea after the trial judge takes the case under advisement or pronounces judgment, the withdrawal of such plea is within the sound discretion of the trial court. *DeVary v. State*, 615 S.W.2d 739 (Tex.Crim. App.1981); *McWherter v. State*, 571 S.W.2d 312 (Tex.Crim.App.1978).

The unsworn motion to withdraw the plea of nolo contendere alleges, as grounds therefor, the following:

"Newly available evidence material to the defense has been discovered since Defendant's plea was entered. The Affidavit of Mr. Herbert Tezeno supporting this allegation is attached hereto as Exhibit "A" and made a part hereof for all purposes. Such testimony and evidence was known to this Defendant on January 17, 1983, but said Defendant was then unable to present such evidence for the reason that Mr. Tezeno and his attorney of record ... both desired that Mr. Tezeno be sentenced by this Honorable Court prior to Mr. Tezeno giving testimony or Affidavits...."

There was attached to the motion an affidavit of Tezeno, the effect of which Tezeno admitted his guilt and absolved appellant of any intent to commit the offense of burglary. However, Tezeno, in his affidavit, does not state that he would not have testified at appellant's trial.

In his attempt to show that such evidence was "newly available", appellant's motion merely states that Tezeno and his counsel *desired* that Tezeno be sentenced by the court in the charge of burglary against him prior to his giving testimony in the case against appellant. There was no hearing conducted on this motion, and the record does not show any request for such hearing, or that any such hearing was denied by the court. The allegations contained in this unsworn motion does not state that Tezeno had refused or would refuse to testify at appellant's trial.

■ A motion to withdraw appellant's plea containing factual allegations should be considered by the same rules applicable to a motion for new trial. Allegations in motions for new trials, even though timely filed, do not prove themselves. *Rios v. State*, 510 S.W.2d 326 (Tex.Crim.App.1974); *Vaughn v. State*, 456 S.W.2d 141 (Tex. Crim.App.1970). "An affidavit attached to the motion is but a pleading that authorizes the introduction of supporting evidence. It is not evidence in itself; and in order to constitute evidence it needs to be introduced as such at the hearing on the motion." *Stephenson v. State*, 494 S.W.2d 900 (Tex.Crim.App.1973). Such was not done in the case at bar.

■ Under the above circumstances we find no abuse of discretion overruling appellant's motion to withdraw his plea.

The judgment is affirmed.