**Raymond Scott HINKLE, Appellant,**

v.

**STATE of Texas, Appellee.**

**Nos. 04–95–00164–CR, 04–95–00165–CR.**

Court of Appeals of Texas,
San Antonio.

May 15, 1996.

Rehearing Overruled May 31, 1996.

Discretionary Review Refused
Nov. 20, 1996.

*McFarland v. State*, 930 S.W.2d 99 (Tex.Cr.App. 1996).

STONE, Justice.

These appeals arise from two convictions of sexual assault. A negotiated plea bargain was entered before the trial court in both causes. Raymond Scott Hinkle ("appellant") was found guilty of the offense charged in the indictments in both cases and punishment was assessed in each case at fifteen years imprisonment in the Texas Department of Corrections with both sentences to run concurrently. Appellant now complains on appeal that the trial court erred in failing to withdraw, sua sponte, appellant's plea of no contest because appellant denied his guilt in open court and the plea was not supported by the evidence. Appellant's notice of appeal, in accordance with TEX.R.APP.P. 40(b)(1), states the trial court granted permission to file this appeal.

### Facts

Appellant was charged with sexual assault in two separate causes. There was a combined hearing on the plea bargain agreement for both cases. Appellant agreed on the record that the cases had been explained to him and that he had waived his right to a jury trial in each case. He also said he understood the range of punishment could be from two to twenty years. He was further warned that he may not receive probation.

### Failure to Withdraw Plea of No Contest

In two points of error, appellant complains that the trial court erred in failing to withdraw, sua sponte, his plea of no contest because: (1) appellant denied his guilt in open court and (2) the plea was not supported by the evidence. Appellant told the trial judge at the plea bargain hearing that he did have consensual sexual intercourse with one complainant but did not have sexual intercourse with the other. The court admonished the appellant that he needed to "thoroughly discuss [how to handle the two cases] with [his] lawyer before entering a plea to these charges"—even a plea of no contest. Appellant then conferred with his attorney outside the hearing of the court. Upon his return, appellant plead as follows:

Dinah Gaines, San Antonio, for appellant.

Angela Moore, Assistant Criminal District Attorney, San Antonio, for appellee.

Before LÓPEZ, STONE and GREEN, JJ.

The Court: To the offense of sexual assault in 92–CR–6118, [appeal number 95–00165–CR] what is your plead [sic]?

Defendant: Meaning?

The Court: Do you plead guilty or not guilty?

Defendant: No contest. I just want to get rid of it.

The Court: You're pleading no contest.

\* \* \* \* \* \*

The Court: In 92–CR–2638 [appeal number 95–00164–CR] to the offense of sexual assault, what is your plead?

Defendant: No contest.

The court read the plea bargain agreement for each case: a cap of fifteen years to run concurrently with the other case. The plea bargain in both cases was the same. At the sentencing hearing appellant told the complainants he was sorry for "hurting anybody's feelings in anyway." When asked by the court how he hurt someone feelings he responded: "By [sic] I had permissive sex with Sandy. I didn't even have sex with Michelle Winger, the other complainant." Appellant now claims his testimony raised the issue of his innocence as to both cases; however, he never withdrew his no contest plea.

 It is firmly established that when a plea of guilty is entered in a felony case before a *jury,* and evidence is introduced (and not withdrawn) which reasonably and fairly raises an issue as to the innocence of the accused, the defendant's guilty or nolo contendere plea must be withdrawn and a plea of not guilty must be entered by the court sua sponte. *Griffin v. State,* 703 S.W.2d 193, 195 (Tex.Crim.App.1986) (en banc) (emphasis added); *Montalvo v. State,* 572 S.W.2d 714, 715–16 (Tex.Crim.App.1978). Different rules apply, however, for guilty/nolo contendere pleas entered in a bench trial.[1] *Saenz v. State,* 807 S.W.2d 10, 11 n. 1 (Tex.App.—Corpus Christi 1991, no writ). The trial court need not withdraw the guilty/nolo contendere plea in such a case because the trial court, as trier of fact, may find the

defendant guilty of a lesser offense or not guilty despite the plea. *Moon v. State,* 572 S.W.2d 681, 682 (Tex.Crim.App.1978) (en banc) (on motion for rehearing).

Appellant contends that the *Griffin* case applies to both bench and jury trials because of the following statement:

In *any* case where evidence is introduced which reasonably and fairly raises an issue as to the innocence of the accused and is not withdrawn, the defendant's guilty plea must be withdrawn and a plea of not guilty must be sua sponte entered by the court.

*Griffin v. State,* 703 S.W.2d at 195. However, we cannot agree with appellant's interpretation broadly applying *Griffin.* *Griffin* involves a plea of guilty in a jury trial rather than in a bench trial. We do not believe the Court of Criminal Appeals intended to extend its holding in *Griffin* to bench trials. In fact, the Court of Criminal Appeals also stated in *Griffin:*

It must not be forgotten that the purpose behind the rule in question is to ascertain that guilty pleas are voluntarily and knowingly given. To that end the sound discretion of the trial judge who is in a position to evaluate the situation at hand must be judged in light of the totality of the circumstances.

*Id.* at 197. The Court of Criminal Appeals did not thereby indicate a desire to accord less deference to the trial court's actions.

 Further, the Court of Criminal Appeals has specifically stated the rule regarding the withdrawal of guilty/nolo contendere pleas in bench trials, overruling any prior decisions which were in conflict.

There now seems to be no valid reason for the court to withdraw the guilty plea and enter a plea of not guilty for the defendant when the defendant enters a plea of guilty before the court after waiving a jury. It is the duty of the trial court to consider the evidence submitted and as the trier of the facts the court may find the appellant guilty of a lesser offense and assess the appropriate punishment or it may find the defendant not guilty. It would serve no

1. Appellant's plea of nolo contendere has the same legal effect as a plea of guilty. *Stewart v. State,* 680 S.W.2d 513, 514 (Tex.App.—Beaumont 1984, pet. ref'd).

purpose to withdraw the plea of guilty and enter a not guilty plea. Those cases in which this Court has reached a different result are overruled to the extent they conflict with the opinion in this case.

*Moon v. State,* 572 S.W.2d 681, 682 (Tex. Crim.App.1978). The Court of Criminal Appeals did not overrule the *Moon* decision in *Griffin,* nor do we find it was impliedly overruled. It is the trial judge's responsibility to ascertain whether the guilty/nolo contendere plea is voluntarily and knowingly given in light of the totality of the circumstances. Therefore, we hold that the decision to sua sponte withdraw a plea of guilty/nolo contendere in a bench trial is within the trial judge's discretion. We believe the trial judge in this case adequately evaluated the situation in light of the totality of the circumstances, and the decision of whether to sua sponte withdraw appellant's nolo contendere pleas was within his discretion.

Appellant further relies on *Allen v. State,* 827 S.W.2d 69, 70 (Tex.App.—Houston [1st Dist.] 1992, no writ) as authority that the trial court should have rejected the appellant's plea of no contest and entered a plea of not guilty. In *Allen,* the trial judge rejected appellant's plea bargain and refused to accept his plea of no contest following a bench trial. *Id.* The trial judge entered a plea of not guilty because the appellant did not withdraw his exculpatory testimony. *Id.* The appellant in *Allen* complained of this because the punishment assessed by the court was greater than the punishment which would have been assessed under the plea bargain. *Id.* In light of our holding, *Allen* is not controlling. The trial judge in *Allen,* like the trial judge in the instant case, was within his discretion in accepting or rejecting the appellant's pleas.

The State suggests the sole reason for appellant bringing these two appeals is because appellant's actual punishment exceeded what he had hoped for. It appears appellant wished to be placed on probation. The punishment assessed was within the range of permissible punishment as stated in the plea agreement. There was sufficient evidence before the court to support the punishment assessed, including appellant's prior trouble with the law and alcohol abuse.

 A guilty plea is not involuntary simply because the sentence exceeded what the appellant expected, even if that expectation was raised by his attorney. *Galvan v. State,* 525 S.W.2d 24, 26 (Tex.Crim.App.1975); *Tovar–Torres v. State,* 860 S.W.2d 176, 178 (Tex.App.—Dallas 1993, no pet.); *Rice v. State,* 789 S.W.2d 604, 607 (Tex.App.—Dallas 1990, no pet.). Appellant had ample opportunity to withdraw his own plea, but chose not to. Appellant should not now be allowed to claim the plea was involuntary simply because he received jail time instead of the probation he had hoped for.

The judgments of the trial court are affirmed in both causes.