David **MAREZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

Nos. 04–97–00311–CR, 04–97–00312–CR.

Court of Appeals of Texas, San Antonio.

July 22, 1998.

Debra L. Parker, Law Office of Debra L. Parker, San Antonio, for appellant.

Edward F. Shaughnessy, III, Asst. Criminal Dist. Atty., San Antonio. for appellee.

Before HARDBERGER, C.J., LÓPEZ and ANGELINI, JJ.

LOPEZ, Justice.

David Marez was charged with indecency with a child in two indictments. In Cause No. 95–CR–4285,[2] Marez was charged with six counts for conduct that he allegedly committed against a niece. In Cause No. 95–CR–4286,[3] Marez was charged with six counts for conduct that he allegedly committed against a second niece. Marez pled no contest in each case pursuant to plea bargains. Under the terms of Marez's plea agreements, the State agreed to recommend punishment at ten years confinement with the sentence in each case to run concurrently with the sentence in the other cases. The State also agreed to remain silent on Marez's application for deferred adjudication and probation. The trial court accepted the plea agreement, but denied Marez's applications. The trial court then sentenced Marez to ten years confinement and fined him $10,000.00. Shortly afterwards, Marez's trial attorney filed a motion to reconsider or reduce Marez's sentence. The trial court denied the motion. On appeal, Marez challenges his convictions by contending that his pleas were involuntary as a result of ineffective assistance of counsel.

■ Marez maintains that he pled no contest because he believed he was eligible for probation when, in actuality, he was not. Marez relies on section 3g of article 42.12 of the Code of Criminal Procedure which limits the offenses for which the trial court can order probation. Indecency with a child is an offense enumerated therein. *See* TEX. CODE CRIM. PROC. art. § 3g(1)(C) (Vernon Supp.1998). Under section 3g, only a jury can order probation for indecency with a child, but only when the criminal conduct occurred on or after September 1, 1993. *Id.* Because he entered his plea based on inaccurate advice received from his attorney, Marez contends his pleas were involuntary.

■ Marez, however, pled no contest to Count I of the indictments in Cause Nos. 95–CR–4285 and 95–CR–4286. These counts were based on conduct that occurred "on or about the 30th day of June, A.D., 1990." Probation was available for conduct that occurred at that time. *See* Act of May 8,1993, 73d Leg., R.S., ch. 900, § 4.01, 1993 Tex. Gen. Laws 3586, 3718 (adding indecency with a child to section 3g thereby limiting judge-ordered probation for such conduct occurring on or after September 1, 1993); *id.* § 4.02, at 3742 & 3766 (stating that change applies to offense committed on or after Sept. 1, 1993). As a result, Marez *was* eligible for probation for the conduct that was the object of his no contest pleas, and thus he did not plead no contest based on erroneous information.[4] Although Marez may have pled no contest in anticipation of probation, a plea is not rendered involuntary simply because a person does not receive probation. *See West v. State,* 702 S.W.2d 629, 633 (Tex.Crim.App. 1986)(about possibility of probation, agreeing

---

**2.** Cause No. 95–CR–4285 is the subject of Appeal No. 04–97–00312–CR.

**3.** Cause No. 95–CR–4286 is the subject of Appeal No. 04–97–00311–CR.

**4.** Had Marez pled no contest to Counts 3, 4, 5 and 6 which were based on conduct that occurred after September 1, 1993, he would not have been eligible for probation.

that plea is not involuntary just because sentence exceeds what defendant expected even if the expectation was raised by attorney); *Hinkle v. State*, 934 S.W.2d 146, 149 (Tex. App.—San Antonio 1996, pet. ref'd) (determining that appellant cannot claim his plea was involuntary just because he received jail time instead of probation); *Crawford v. State*, 890 S.W.2d 941, 945 (Tex.App.—San Antonio 1994, no pet.) (stating that even if counsel told his client that he believed he would be given probation, such advice would not render the plea involuntary). Because Marez was eligible for probation, we overrule his voluntariness issue.

■ In his issues addressing ineffective assistance of counsel, Marez contends he pled no contest solely because his lawyer erroneously advised him that he was eligible for probation.[5] Because he mistakenly believes he was not eligible for probation, Marez contends his lawyer was ineffective. Marez, however, was eligible for probation for Count I of the indictments. As a result, we do not find that Marez's attorney was ineffective.[6] We overrule Marez's issues concerning ineffective assistance of counsel.

Having determined that Marez entered his plea voluntarily, we affirm the judgments.

---

5. To the extent that Marez has claimed ineffective assistance of counsel apart from the issue of whether his plea was involuntary, this court has no jurisdiction to consider that issue.

6. Contrary to Marez's contention that his attorney advised him incorrectly, the reporter's record for the motion to reconsider or reduce Marez's sentence indicates that the attorney

understood that Marez was eligible for probation for Count I. At the hearing, Marez's attorney advised the trial court:

He is under the old statute. He qualifies for it. He has no prior criminal history. Based on the dates and the events and the age of these complaints, I think he is a good candidate for rehabilitation.