No. 04-99-00949-CR


Samuel RODRIGUEZ,

Appellant 


v.


The STATE of Texas

Appellee


From the 187th Judicial District Court, Bexar County, Texas

Trial Court No. 98-CR-4881

Honorable Raymond Angelini, Judge Presiding


Opinion by: Tom Rickhoff, Justice

 

Sitting: Phil Hardberger, Chief Justice

 Tom Rickhoff, Justice

 Sarah B. Duncan, Justice


Delivered and Filed: October 18, 2000


AFFIRMED


 Samuel Rodriguez pled guilty, pursuant to a plea bargain agreement, to the delivery of heroin.
The trial court assessed punishment at two years imprisonment and a $1000 fine, which sentence
would run concurrently with a three-year sentence in Rodriguez's felony theft conviction. On appeal,
Rodriguez asserts that his guilty plea was not knowing and voluntary because he never truly agreed
with the plea bargain. Because we find that Rodiguez's plea was knowing and voluntary, we affirm.

ANALYSIS

 A plea of guilty must be free and voluntary to be accepted by the court. TEX. CODE CRIM.
PROC. ANN. § 26.13(b) (Vernon 1989). The trial judge has the responsibility to determine if a guilty
plea is voluntary and knowing. See Hinkle v. State, 934 S.W.2d 146, 149 (Tex. App.-San Antonio
1996, pet. ref'd.). In determining if the plea of guilty was voluntary and knowing, the court looks
at all the circumstances surrounding the plea. See id. A finding that the defendant was properly
admonished by the court creates a prima facie showing that the guilty plea was entered knowingly
and voluntarily. See Martinez v. State, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998). Although
a defendant may still claim that his plea was involuntary, he has the burden to demonstrate that he did
not fully understand the consequences of his plea and that he suffered harm. See id. Further, when
a defendant indicates at the plea hearing that he understands the nature of the proceeding and is
pleading guilty because the allegations in the indictment are true, not because of any outside pressure
or influence, he has a heavy burden to prove on appeal that his plea was involuntary. See Crawford
v. State, 890 S.W.2d 941, 944 (Tex. App.-San Antonio 1994, no pet.).

 Rodriguez signed the Court Admonishments and the Plea Bargain, both of which set forth the
punishment range. The plea agreement called for a $1000 fine and two years confinement for the
delivery of heroin conviction, which was to run concurrently with a three-year sentence for the felony
theft conviction. At the plea hearing, the trial court asked how Rodriguez pled for each offense and
he responded "guilty." He said no one forced him to plead guilty. The trial court read the sentences
for each offense and asked Rodriguez if this was his understanding of the plea bargain. Rodriguez
said he thought the sentence for the heroin conviction would be for one year, not two years. The
State explained that one year was considered, but that the final offer was for two years. Rodriguez
said he understood that. The plea agreement in the heroin case, which Rodriguez signed, stated the
punishment would be two years confinement and a $1000 fine. The trial court asked Rodriguez if
he wanted to withdraw his plea. Rodriguez did not withdraw his plea; instead, he merely asked if the
sentences would run concurrently. The trial court said the sentences would run concurrently, and
Rodriguez stated, "All right, sir." The court again asked Rodriguez if he understood, and he said
"No." The court reset the case, pending completion of a presentence investigation. 

 At the sentencing hearing, Rodriguez again mentioned the discussion with the State about the
one-year sentence. Rodriguez confirmed that he had told the trial court at the plea hearing that he
understood the plea agreement. Nevertheless, he asked the trial court to reduce the sentence from
two years to one year. The court denied the request. 

 There is nothing in the record to support Rodriguez's claim that his plea was not knowing and
voluntary. He was fully admonished, signed both plea bargain agreements, and was given a chance
to withdraw his plea. Rodriguez twice indicated his understanding of the sentence and asked if the
two sentences would run concurrently. A guilty plea is not involuntary merely because the sentence
exceeded what the defendant expected. See Hinkle, 934 S.W.2d at 149. When given the opportunity
to withdraw his plea, Rodriguez declined to do so. After examining the entire record, we find that
Rodriguez has not sustained his burden of proving that his plea was not knowing and voluntary.

 We affirm the trial court's judgment.

 Tom Rickhoff, Justice

DO NOT PUBLISH