NO. 07-01-0491-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JANUARY 28, 2003

_____

ORLANDO ROBERT WELLS AKA
ORLANDO ROBERT WELK, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 43,924-E; HONORABLE WELDON KIRK, JUDGE

_____

Before JOHNSON, C.J., REAVIS, J., and BOYD, S.J.[1]

MEMORANDUM OPINION

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. § 75.002(a)(1) (Vernon Supp. 2003).

Presenting two issues for our determination, appellant Orlando Robert Wells aka Orlando Robert Welk challenges his conviction after a guilty plea for the offense of burglary of a building, enhanced because of two prior convictions, and the resulting court-assessed punishment of 20 years confinement in the Institutional Division of the Department of Criminal Justice. There was no plea bargained recommendation as to punishment. In his issues, he queries: 1) whether his guilty plea was voluntarily given, and 2) whether the trial court erred in accepting his plea because evidence was produced regarding his innocence. We affirm the trial court judgment.

Appellant argues his two issues together, and we will likewise discuss them together. The indictment alleged that appellant did "with intent to commit theft, intentionally and knowingly enter a building and a portion of a building not then open to the public, without the effective consent of Daryl Gene Wright, the owner thereof." In entering his guilty plea, appellant waived his right to a jury, acknowledged in writing receiving the usual admonishments, and in writing, judicially confessed to the offense charged. In open court, he pled guilty to the charge against him and pled true to the enhancement paragraphs. In response to questions by the careful trial judge, he represented that he was not entering the plea as a result of any threat or promise, but because he had in fact committed the offense. After receiving these representations, the trial court accepted appellant's plea.

2

Appellant points to certain statements he made during the hearing which, he says, support the issue of his innocence. In particular, those statements are:

* * *

Q: . . . And this time – Mr. Wright, how do you think he felt when his business was broken into?

A: He probably felt like I felt. He probably wouldn't feel – I don't remember – to the best of my knowledge and – and I've been under oath. I don't remember taking anything. I've went over this – I don't know if my other counsel or my other counsel here spoke to you about it. I didn't break in that garage. I was in that garage.

Q: And items from the garage were found in your pocket. Correct?

A: They said some stickers, yes, sir.

Q: That's not your property. Right?

A: That's right.

Q: Mr. Wells, if the victim of that crime, Mr. Wright, was here, what do you think he would expect? A man who's been convicted three times before for burglary breaks into his business, what does he have a right to expect?

A: What he would expect? He would expect – I don't know. It's kind of like I felt when that guy run [sic] over my dad and killed him.

Q: You weren't happy, were you? You wanted justice, didn't you?

A: But it was an accident. And if I – if I could speak to Mr. Wright today, I would sit him and tell him, I did not pry open your door and break into your garage.

* * *

Additionally, after the court had found appellant guilty, the following colloquy took place:

3

THE COURT: Do you have any legal reason why sentence should not be pronounced? Do you have anything to say?

The DEFENDANT: Well, I – I'd like to say – I'd like to – you know, the – they've tried to go over it with them and tell them what happened on this, that I didn't break into that building.

THE COURT: Anything further to say?

THE DEFENDANT: I'm not guilty of breaking in that building. The witness that said – they said that seen me was a totally different person than me.

THE COURT: You entered a plea of guilty and confessed your guilt and now you're saying you're not guilty?

THE DEFENDANT: I was guilty of being there – of the burglary, but I wasn't guilty of prying open the doors. A witness had said – from the Toot-N-Totum that the person was not me.

*    *    *

Then, after appellant's sentence was announced, he made the following statement to the court:

THE DEFENDANT: You know, in this case I have come forth to try to work with the State on what – who the person was. I've made to the officer that – the description of the guy that was there. I was at the – I didn't break in that building. The person – indictment, which is increasing the punishment on me, like I mentioned, was a trailer house that I was living in and I refused to pay the landlord with some marijuana. He put a hasp on the door. I went back in to get my belongings. I was living at that residence. I spent a total of eight days in TDC and was discharged on that whole sentence after I completed the five years' probation on that crime, which is being used against enhancement punishment.

On the other one, I was a passenger in a vehicle. The indictment would read – we can get the police reports on it. I was made an offer of four years, and I would be right home is why I took that four years. The party that done the burglary admitted to the burglary. And I feel at this time that the punishment

4

of what's been assessed to me is fairly excessive to what crime – of the magnitude that this really is of.

Citing all of the above, appellant argues that the evidence of his innocence was raised prior to the close of the evidence. He then reasons that a plea is involuntary and should be withdrawn "whenever the evidence fairly raises an issue as to the defendant's innocence."
Even though appellant never sought to withdraw his guilty plea, he argues that the above testimony and statements are sufficient to show that his plea was involuntary.

Even though not all of the testimony relied upon by appellant was offered prior to the time the court found him guilty, for the purpose of our discussion, we will assume that it was sufficient to raise a question of his innocence prior to the close of evidence. When a guilty plea is entered in a felony case being tried before a jury and never withdrawn, and evidence is introduced which reasonably and fairly raises an issue as to the defendant's innocence and is not withdrawn, the trial court *sua sponte* must withdraw the guilty plea and enter a not guilty plea. *Griffin v. State*, 703 S.W.2d 193, 195 (Tex. Crim. App. 1986); *Hinkle v. State*, 934 S.W.2d 146, 148 (Tex. App.--San Antonio 1996, pet. ref'd).

However, in *Moon v. State*, 572 S.W.2d 681 (Tex. Crim. App. 1978), the court held that requirement no longer applied to instances in which the plea was made before the court itself. In doing so, the court stated:

There now seems to be no valid reason for the court to withdraw the guilty plea and enter a plea of not guilty for the defendant when the defendant enters a plea of guilty before the court after waiving a jury. It is the duty of the trial court to consider the evidence submitted and as the trier of the facts the court may find the appellant guilty of a lesser offense and assess the appropriate punishment or it may find the defendant not guilty. It would serve no purpose to withdraw the plea of guilty and enter a not guilty plea. Those cases in which the court has reached a different result are overruled to the extent they conflict with the opinion in this case.

*Id.* at 682 (quoting *Burks v. State*, 165 S.W.2d 460 (Tex. Crim. App. 1942)).

The *Moon* rule appears to continue in force. *See, e.g., Beasley v. State*, 634 S.W.2d 320, 321 n.1 (Tex. Crim. App. 1982); *Brown v. State*, 11 S.W.3d 360, 362-63 (Tex. App.--Houston [1st Dist.] 2000, pet. ref'd); *Solis v. State,* 945 S.W.2d 300, 302-03 (Tex. App.--Houston [1st Dist.] 1997, pet. ref'd*); Hinkle* v. *State*, 934 S.W.2d 146, 148-49 (Tex. App.--San Antonio 1996, pet. ref'd); *Graves v. State*, 803 S.W.2d 342, 346 (Tex. App.--Houston [14th Dist.] 1990, pet. ref'd).

Although *Moon* does not apply in cases in which the defendant presents a motion to withdraw the plea, *Coronado v. State*, 25 S.W.3d 806, 809 (Tex. App.--Waco 2000, pet. ref'd), or in cases where the voluntariness of a plea is questioned for some reason other than evidence raised as to the defendant's innocence, *Owens v. State*, 836 S.W.2d 341, 344 (Tex. App.--Fort Worth 1992, no pet.), neither of those situations is presented here.

Additionally, appellant's testimony only raises an issue whether he "pried" open the door or "broke" into the building. To commit the offense of burglary of a building, one need

6

only enter a building not then open to the public with intent to commit a felony, theft, or an assault. Tex. Pen. Code Ann. § 30.02(a)(1) (Vernon Supp. 2003). Therefore, it was not necessary for appellant to break into or pry open a door. It was sufficient if he entered by walking through an open door without the owner's consent. *See Johnson v. State*, 664 S.W.2d 420, 422 (Tex. App.--Amarillo 1983, pet. ref'd, untimely filed).

In support of his argument, appellant cites and relies upon *Payne v. State*, 790 S.W.2d 649 (Tex. Crim. App. 1990). However, the facts before the *Payne* court are different from those here. In *Payne,* the defendant had pled guilty to aggravated robbery, but at the hearing averred that the gun used was a toy one, testimony previously unknown to his lawyer. His attorney then sought to withdraw the plea, but the trial court refused to let him do so. In an unpublished opinion, the court of appeals held that the trial court should have let the defendant withdraw his plea, but found the error was harmless. The Court of Criminal Appeals disagreed with that analysis and held the error could not be harmless because the testimony raised a significant issue as to the defendant's guilt of aggravated robbery by undermining the factual basis of his signed confession and that testimony raised an issue as to the voluntariness of his confession. *Id.* at 652. In the case before us, appellant never sought to withdraw his plea which, in light of *Moon* and its progeny, is a significant difference.

Appellant also relies upon *Burke v. State*, 80 S.W.3d 82 (Tex. App.--Fort Worth 2000, no pet.). That appeal resulted from a guilty plea before a jury. After he had been

7

found guilty, the appellant and his lawyer filed a motion seeking a new trial. As relevant here, in the motions, they averred that they had not understood that the State had to actually prove reckless conduct in order to establish guilt. The *Burke* court held that the defendant's plea was not voluntarily and knowingly entered because the defendant would not have pled guilty if he had been properly advised of the requisite mental culpability that must have been proved by the State. *Id.* at 94. However, that case is distinguishable because it not only involved a plea before the jury, but also because it involved testimony produced at a hearing on the motion for new trial.

In this case, being a bench trial, the trial court did not reversibly err in not *sua sponte* withdrawing the guilty plea. We further hold that the trial court was entitled to determine the guilt or innocence of appellant under the testimony produced. The portions of testimony upon which appellant relies were only part of the evidence and, when considered with the other evidence in the case, including appellant's admission that he was present in the building in question, was sufficient to sustain the trial court's guilt finding.

Appellant's issues are overruled and the judgment of the trial court is affirmed.


John T. Boyd
Senior Justice

Do not publish.