In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-212 CR


____________________



CHARLES RAYMOND MOSLEY, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Court No. 83413






OPINION


 Charles Raymond Mosley pleaded no contest to robbery and received a twenty year
sentence in the Texas Department of Criminal Justice -- Institutional Division. See Tex.
Pen. Code Ann. § 29.02 (Vernon 2003). Mosley's two issues on appeal argue his plea
was involuntary because his trial counsel was ineffective. To prevail on an ineffective
assistance of counsel claim, Mosley must establish that his attorney's performance fell
below an objective standard of reasonableness and that there is a "reasonable probability"
the result would have been different but for the attorney's deficient performance. Mallett
v. State, 65 S.W.3d 59, 62-63 (Tex. Crim. App. 2001) (quoting Strickland v. Washington,
466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Mosley claims his trial
counsel told him he would receive probation if he pleaded no contest; he says he followed
his attorney's advice, but received twenty years. 

 The record supports a voluntary plea. Mosley signed written admonishments
stipulating he understood the admonishments, he was aware of the consequences of his
plea, his plea was freely and voluntarily made, he was guilty of the robbery, and he was
satisfied with his attorney's representations. At the plea hearing itself, the trial judge
asked Mosley if he understood everything he had signed; Mosley said he did. At the
sentencing hearing, Mosley's attorney said he had told Mosley a violation of the probation
would probably result in a ten year sentence. The attorney asked the court for probation,
but he also said that without probation Mosley was "looking at 20 years in the
penitentiary." 

 When the record demonstrates the defendant's understanding of the consequences
of his plea at the plea hearing, a heavy burden is placed on him to later show a lack of
voluntariness. Ramirez v. State, 89 S.W.3d 222, 229 (Tex. App.--Corpus Christi 2002,
no pet.). Without supporting confirmation in the record, an appellate claim of
involuntariness will not be sufficient for a reviewing court to find a plea involuntary. Id.;
see also Franklin v. State, 693 S.W.2d 420, 431 (Tex. Crim. App. 1985) (Court refused
to consider mere assertions in a brief that are unsupported by the record.). 

 The record does not support Mosley's claim that trial counsel told him he would get
probation if he pled "no contest." Mosley stated in his "Motion to Dismiss Appointed
Counsel" that his attorney persuaded him to plead no contest "when [attorney] knew along
that they [wasn't] going to give me proba[t]ion . . . ." The statement does not say his
attorney told him he would get probation if he pled "no contest." 

 Even if counsel said he believed Mosley would be given probation, the advice would
not render the plea involuntary. A guilty plea or no contest plea is not involuntary simply
because the sentence exceeded what the defendant expected, even if that expectation was
raised by his attorney. See Hinkle v. State, 934 S.W.2d 146, 149 (Tex. App.--San
Antonio 1996, pet. ref'd). 

 In determining the voluntariness of the plea, we weigh the totality of the
circumstances in view of the entire record. Ramirez, 89 S.W.3d at 229. The record does
not contradict Mosley's statements at the plea proceeding and in the written plea papers
that he understood the consequences of his guilty plea. Neither does his post-conviction
motion to dismiss his counsel. Further, he never raised his complaint at the sentencing
hearing, and he did not file a motion for new trial. The record before us indicates a
voluntary plea.

 Mosley also argues his counsel was ineffective for failing to file a motion for new
trial. Given the facts of this case, there is nothing in the record to show or indicate
Mosley was harmed by trial counsel's failure to file a motion for new trial. Sentence was
pronounced on May 13, 2002; Mosley's trial attorney filed a "Notice of filing Notice of
Appeal," along with the notice of appeal, on May 16, 2002; the notice of filing listed
another attorney as the attorney on appeal. There is nothing in the record to suggest that
the attorney did not discuss the merits of a motion for a new trial with Mosley. See
Oldham v. State, 977 S.W.2d 354, 363 (Tex. Crim. App. 1998). Moreover, after the trial
judge sentenced Mosley to twenty years, Mosley filed a pro se motion to dismiss his trial
counsel and requested appointment of counsel on appeal. We presume he was adequately
counseled unless the record affirmatively indicates otherwise. Id. 

 Mosely failed to develop evidence rebutting the presumption that counsel rendered
effective assistance; on this record, we cannot say counsel was ineffective. See Ortiz v.
State, 93 S.W.3d 79, 88-89 (Tex. Crim. App. 2002), petition for cert. filed, 71 U.S.L.W.
3531 (U.S. Feb. 11, 2003)(02-1189). 

 We overrule Mosley's issues. The conviction is affirmed.

 AFFIRMED.


 _________________________________

 DAVID B. GAULTNEY

 Justice

Submitted on March 26, 2003

Opinion Delivered April 16, 2003

Do Not Publish


Before McKeithen, Burgess, and Gaultney, JJ.

CONCURRING OPINION


 I concur in the result. I only take issue with the majority's laissez faire conclusions
regarding the motion for new trial. A brief review of the time line shows:

 May 13, 2002 - Sentence pronounced in open court;

 May 16, 2002 - Notice of Appeal filed by trial counsel;

 May 17, 2002 - Motion to dismiss trial counsel filed by Mosley (1);

 May 23, 2002 - Clerk's document shows appellate counsel appointed by this date (2); 

 June 12, 2002 - Clerk's Record filed;

 June 17, 2002 - Last Day to file a Motion for New Trial (3).

 Appellate counsel alleges ineffective assistance of trial counsel and argues the
failure to file a motion for new trial is part of that ineffective assistance. Clearly a motion
for new trial would have been appropriate in this case. (4) Appellate counsel failed to realize
he had both the opportunity and responsibility to file that motion. The rules covering
motions for new trials in criminal cases are in the Appellate Rules of Procedure. Appellate
counsel was appointed with at least 24 days to interview Mosley and prepare a motion for
new trial. Furthermore, there was at least five days between the filing of the clerk's
record and the deadline for filing a motion for new trial. Appellate counsel, even without
an interview, should have been aware of Mosley's allegations concerning trial counsel.
Unfortunately, no motion for new trial was filed. Consequently, the trial court will, in all
likelihood, see this issue in a post conviction habeas corpus. (5) 





 DON BURGESS

 Justice

Opinion Delivered

April 16, 2003
1. The motion stated, verbatim:

He fasley res pented me into cop-out to a no contest plea when he knew along that they
what -in going to give me probalion instead I recived prision time, so I feel that he warnt
beening fair in not telling me the truth.

 I roughly translate this to:

He falsely ??? me into copping out to a no contest plea when he knew all along that they
wasn't going to give me probation instead I received prison time, so I feel that he wasn't
being fair in telling me the truth.
2. The docket sheet notes appellate counsel was appointed on May 16, 2002. 
3. Tex. R. App. P. 21.4. Time to file and amend motion

 (a) To File. The defendant may file a motion for new trial before, but no later than
30 days after, the date when the trial court imposes or suspends sentence in open court
4. Tex. R. App. P. 21.2. When motion for new trial required

 A motion for new trial is a prerequisite to presenting a point of error on appeal only
when necessary to adduce facts not in the record.
5. Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon Supp.2003). Procedure after
conviction without death penalty