In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-149 CR


____________________



IVY DEL RINO NESBITT, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 89391






 MEMORANDUM OPINION 


 This pro se appeal arises from a money laundering case in which Ivy Del Rino Nesbitt
pled guilty. Nesbitt's appointed appellate counsel filed a brief stating there was no arguable
error to present to this Court. We have conducted our own review of the record and concur
with appellate counsel. We affirm the trial court's judgment.

 The State charged Nesbitt with committing the felony offense of money laundering,
with the value of the funds alleged to be $100,000 or more, and also indicted him as a repeat
felony offender. See Tex. Pen. Code Ann. §§ 12.42(c); 34.02 (Vernon Supp. 2005). After
rejecting the State's offer of a twenty-year prison sentence, Nesbitt entered an unagreed
guilty plea to the indictment. The trial court sentenced Nesbitt to a fifty-year prison sentence, 
and later appointed counsel to represent Nesbitt on appeal. 

 This Court received two briefs filed on Nesbitt's behalf. Appellate counsel filed an
"Anders" brief concluding that no arguable error is presented in this appeal. See Anders v.
California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); High v. State, 573 S.W.2d
807 (Tex. Crim. App. 1978). Subsequently, Nesbitt filed a pro se brief in which he contends
that: (1) his guilty plea was involuntary because of trial counsel's erroneous advice; (2)
prosecutors engaged in misconduct; and (3) the record is silent regarding his plea to
enhancements. 

 In his first issue, Nesbitt maintains he is innocent of the charges to which he pled
guilty. Though his brief is confusing, Nesbitt appears to argue that his attorney advised him
to plead "guilty" even though Nesbitt considers himself to be innocent. Nesbitt also
apparently contends that the search of his vehicle was illegal and that his attorney failed to
move to suppress the evidence obtained in the search. 

 When determining whether a defendant entered a voluntary guilty plea, we consider
whether the record shows that the trial court admonished the defendant as required; if so, the
admonishments are prima facie evidence that the defendant's guilty plea was knowing and
voluntary. See Fuentes v. State, 688 S.W.2d 542, 544 (Tex. Crim. App. 1985); Courtney v.
State, 39 S.W.3d 732, 736 (Tex. App.- Beaumont 2001, no pet.). If duly admonished, the
defendant must show he entered his plea without understanding the consequences and
suffered harm from doing so. See Martinez v. State, 981 S.W.2d 195, 197 (Tex. Crim. App.
1998). Once an accused affirms that he understands the nature of his plea and that it was
voluntary, he has a heavy burden on appeal to prove his plea was involuntary. See McNeill
v. State, 991 S.W.2d 300, 302 (Tex. App.- Houston [1st Dist.] 1999, pet. ref'd).

 The record shows Nesbitt received the required admonishments both in writing and 
orally before the trial court accepted his guilty plea. See Tex. Code Crim. Proc. Ann. art.
26.13 (Vernon Supp. 2005). The written admonishments include a statement signed by
Nesbitt and his attorney indicating that Nesbitt understood the admonitions and was aware
of the consequences of his plea. Id. at art. 26.13(d). Further, the reporter's record shows that
the trial court explained to Nesbitt the range of punishment and Nesbitt's right to a jury trial. 
Also, Nesbitt orally represented to the court that he: (1) understood the admonitions
contained in the document he signed; (2) was pleading guilty of his own free choice; (3) did
everything as charged in the indictment; and (4) understood the consequences of his plea. 
We find the record contains prima facie evidence that Nesbitt's guilty plea was voluntary. 
See Fuentes, 688 S.W.2d at 544.

 On appeal, Nesbitt must explain how the record shows that he entered his plea without
understanding its consequences. Id. Nesbitt fails to meet this burden as his brief does not
cite any record evidence supporting his assertion that his plea was involuntary. Instead, as
explained above, the record shows the contrary - Nesbitt entered his plea freely and
understood what the consequences could be. 

 Further, in our review of the record we find no evidence supporting Nesbitt's
involuntary-plea assertions. (1) Instead, Nesbitt's complaint is that he was surprised at the
sentence imposed by the trial court. In a pro se "Memorandum In Support of Notice of
Appeal," Nesbitt wrote that he "was shocked and dumb-founded" by the fifty-year sentence,
which allegedly was thirty years more than he was led to believe he would receive. Nesbitt
contended in the memorandum that a fifty-year sentence for a non-violent crime was
excessive. However, an appellant's "guilty plea is not involuntary simply because the
sentence exceeded what the appellant expected, even if that expectation was raised by his
attorney." Hinkle v. State, 934 S.W.2d 146, 149 (Tex. App.- San Antonio 1996, pet ref'd). 
Nesbitt's plea is not made involuntary simply because he received a longer sentence than he
anticipated. See id. (2)

 The record supports that Nesbitt understood the charges against him, the range of the
potential sentence, his rights, and the consequences of his plea. Further, the record is devoid
of any indication of deception, coercion, or incapacity. We find that Nesbitt fails to meet
his burden to show his plea was involuntary.

 Nesbitt further claims in issue one that his attorney provided ineffective assistance of
counsel. To establish ineffective assistance, an appellant must show that: "1) trial counsel's
performance was deficient because it fell below an objective standard of reasonableness; and
2) a probability sufficient to undermine confidence in the outcome existed that, but for
counsel's unprofessional errors, the result of the proceeding would have been different." 
Rylander v. State, 101 S.W.3d 107, 109-10 (Tex. Crim. App. 2003). However, this Court
cannot speculate as to the reasons for trial counsel's actions; rather, we must be highly
deferential and presume trial counsel's actions fell within the wide range of reasonable and
professional assistance. See Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). Any
allegations of ineffectiveness must be firmly founded in the record. Id. at 835. Generally,
the trial record will not show whether there were sound reasons or trial strategy justifying
counsel's performance and, thus, will not suffice to establish an ineffective assistance of
counsel claim. Thompson v. State, 9 S.W.3d 808, 813-14 (Tex. Crim. App. 1999). 

 As Nesbitt did not file a motion for new trial, the trial court did not conduct an
evidentiary hearing to explore defense counsel's trial strategy or his sentencing
representations to Nesbitt. Thus, there is no evidence concerning trial counsel's actions.
Absent record evidence to the contrary, we presume that counsel's conduct fell within the
wide range of reasonable professional assistance. Thompson, 9 S.W.3d at 813-14. We find
that Nesbitt failed to establish that his counsel's assistance was ineffective. We overrule
issue one. 

 In issue two, Nesbitt alleges that the prosecutors engaged in misconduct. 
"Prosecutorial misconduct reasonably reaches only that conduct which is qualitatively more
serious than simple error and connotes an intentional flouting of known rules or laws." Ex
parte Peterson, 117 S.W.3d 804, 816 n.55 (Tex. Crim. App. 2003). Though Nesbitt's
argument is confusing, he appears to assert that the prosecution withheld exculpatory
evidence and made inflammatory comments to the court. He provides us with no citations
to record evidence that would support his arguments as required by Texas Rule of Appellate
Procedure 38.1(h), and in our review we found no support in the record for his assertions. 
We overrule issue two. 

 In issue three, Nesbitt contends that the record is silent regarding his plea to
enhancements. However, Nesbitt is incorrect. 

 The record contains several references to his enhancement plea. The trial court read
the enhancement paragraph to Nesbitt before accepting his plea. The trial court stated: 

 Mr. Nesbitt, . . . the indictment returned against you alleges in count
one that . . . you knowingly possessed, concealed, . . . and transported the
proceeds of criminal activity; that being, money in an amount of $100,000.00
or more. The second count of the indictment alleges that on May the 15th of
1989 in the Court of Chatham County, Georgia, you were convicted of a
felony offense of voluntary manslaughter. Do you plead guilty or not guilty
to that indictment? 


Nesbitt replied that he was guilty. The trial court further inquired whether Nesbitt
understood everything that he had signed with his attorney, and Nesbitt replied that he did. 
One of the instruments Nesbitt and his attorney signed was a "Written Plea Admonishments"
showing that Nesbitt was pleading guilty to an enhanced, first degree felony, with a
punishment range of "life or any term of not more than 99 years or less than 15 years." Later
in the plea hearing, the prosecutor inquired whether Nesbitt had pleaded "true" to the
enhancement paragraph, and the trial court answered: "He did." Nesbitt raised no objection
to the trial court's characterization of his plea. Moreover, the pre-sentence investigation
report contains Nesbitt's admission that he was found guilty of the manslaughter charge and
also contains a copy of the judgment entered in that cause. 

 A plea of "guilty" to an enhancement paragraph functions as the typical plea of "true."
Tindel v. State, 830 S.W.2d 135 (Tex. Crim. App. 1992). Here, after reading both counts of
the indictment, the trial court solicited a single response to both the primary offense and the
enhancement allegation. By responding "guilty," Nesbitt entered a plea not only to the
allegations on the primary offense, but also to the allegation regarding a prior conviction. 
While the better practice might be for the trial court to solicit separate responses to the
primary offense and the prior conviction, this was a unitary proceeding, and no one objected
to the manner in which the pleas were taken. Compare Davis v. State, 970 S.W.2d 747, 749
(Tex. App.- Houston [14th Dist.] 1998, no pet.)(Alleged error in trial court's failure to read
indictment and enhancement paragraphs at bench trial on punishment was not preserved for
review because defendant did not object.). Generally, a prerequisite to presenting a
complaint on appeal is a timely, specific objection at trial. See Tex. R. App. P. 33.1(a). We
find Nesbitt failed to preserve error regarding the alleged absence in the record of his
enhancement plea. In addition, there is evidence in the record to prove the previous
conviction. Issue three is overruled.

 The issues raised in Nesbitt's pro se brief are overruled. Further, we have made an
independent examination of the clerk's record and the reporter's record. In this review, we
found no arguable error; therefore, we find it unnecessary to order appointment of new
counsel. Compare Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We
affirm the trial court's judgment.

 AFFIRMED.



 ___________________________

 HOLLIS HORTON

 Justice




Submitted on November 21, 2005

Opinion Delivered February 8, 2006 

Do Not Publish


Before McKeithen, C.J., Gaultney and Horton, JJ.
1. As Nesbitt did not file a motion for new trial, there was no hearing to allow his
testimony or that of his attorney to become a part of the appellate record. 
2. The trial court explained the sentence range and process to Nesbitt as follows:

 

 Now, legally that decision could be life in the penitentiary or any term of years
not more than 99 or less than 15. . . . That's my job. That's what I have to do
and what I'm going to do. That decision, whatever it is, has to be based on the
evidence that I have and nothing else - no other consideration. You don't
have to have me be the one to do that. You have an absolute right to have a
jury decide what should happen in your case. Now, you know all of the
consequences, are you certain you want your case handled as I just described
to you?


Nesbitt responded, "Yes, sir, your Honor."