# NO. 12-14-00023-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DAVID MONROE BASS,*<br>*APPELLANT* | § | *APPEAL FROM THE 217TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Appellant, David Monroe Bass, pleaded guilty to theft of property of the value of $1,500 or more but less than $20,000, enhanced by one count of intoxication manslaughter. The trial court found Appellant guilty and sentenced him to confinement for two years in a state jail facility. Appellant presents two issues on appeal. We affirm.

## BACKGROUND

Appellant was alleged to have stolen a "four-wheeler" off-road vehicle from Jonathan Loftin. At his plea hearing, the trial court was informed there was no plea bargain agreement and that a presentence report would be requested. The trial court confirmed that Appellant had signed a Written Plea Admonishment, Waiver and Stipulation, which was admitted into evidence. Appellant told the court that he understood the charge against him and the maximum penalty that the court could assess. He indicated that he had no questions about his case or the proceeding, and the following exchange occurred:

THE COURT:          How do you plead to the charge of theft? Guilty or not guilty?

THE DEFENDANT:      Guilty. Guilty.

THE COURT:          Are you guilty?

| | |
|---|---|
| THE DEFENDANT: | No, sir. |
| THE COURT: | All right. |
| MR. CHARANZA: (Appellant's attorney) | If you're not, I'll take you to trial. |
| THE DEFENDANT: | I didn't put it in. I'm just going to go with guilty. |

The court explained to Appellant that property may be taken under circumstances, such as an emergency, that show "that's [it's] not theft, because you didn't intend to deprive them of it permanently." The trial court continued, as follows:

| | |
|---|---|
| THE COURT: | And so I guess the question is: Did you take or receive or possess a four-wheeler or some all-terrain vehicle that belonged to Jonathan Loftin without his permission. |
| THE DEFENDANT: | Yes, sir. |

The trial court then asked Appellant regarding the taking and questioned him at some length regarding the surrounding circumstances.

Appellant told the court that about thirty days before he took the four-wheeler, Loftin, the owner, told him he could borrow it at any time. When Appellant took the vehicle, he did not tell Loftin he was taking it. But Appellant said that he meant to borrow the vehicle, and that he intended to return it.

The court reviewed and summarized on the record police reports that stated Loftin had heard his four-wheeler was in the Rivercrest area. When he drove to that area, he saw Appellant driving the vehicle. When Appellant saw Loftin, he abandoned the vehicle and ran into the woods. Two neighbors confirmed Loftin's account.

Julie Williamson, with whom Appellant, his wife, and their four children lived, reported that Appellant had previously taken and wrecked a four-wheeler in San Augustine County, claiming, she stated, that he had "borrowed it forever." She quoted Appellant's wife as saying that Appellant had stolen another four-wheeler. When Appellant drove up in the vehicle, Williamson told him that he could not store stolen property at her house. She quoted Appellant as saying "fine, he would put it in the woods somewhere."

The trial court then asked Appellant, "So you're pleading guilty?" Appellant responded, "Yes, sir." The court stated, "All right, I'm accepting your plea of guilty." The trial court

deferred a finding of guilt pending receipt of a presentence report. The presentence report showed that Appellant had been convicted of numerous offenses, including three felonies: intoxication manslaughter, fraudulent delivery of a controlled substance, and possession of a controlled substance. He had been in prison on two occasions.

Appellant dropped out of school in the eighth grade. He worked as a logger or at odd jobs. He received government assistance because of learning and physical disabilities. The presentence report concluded that Appellant would not be a suitable candidate for community supervision.

At the sentencing hearing, Appellant asked that the court place him on community supervision. He stated that he was currently on community supervision in another county. He denied telling anyone that he had "borrowed forever" the four-wheeler involved in the San Augustine County case. The trial court found Appellant guilty and sentenced him to two years of confinement in a state jail facility.

### ACCEPTANCE OF PLEA OF GUILTY

In his first issue, Appellant contends the trial court abused its discretion in accepting his guilty plea "despite his protestation of innocence in violation of due process guaranteed by the United States and Texas constitutions." He argues that the trial court erred, because the two conditions to a valid guilty plea by a defendant unwilling to admit guilt are absent in this case. *See North Carolina v. Alford*, 400 U.S. 25, 37-38, 91 S. Ct. 160, 167-68, 27 L. Ed. 2d 162 (1970).

First, Appellant contends the State failed to demonstrate a strong factual basis for the plea. Appellant contends he had permission to borrow the four-wheeler and that he intended to take it back sometime.

Three witnesses, including the owner, saw Appellant abandon the four-wheeler and run into the woods when the owner found him riding the vehicle. Appellant told the court that he did not have permission to take the vehicle. During the two days he had the vehicle, he did not tell the owner that he had borrowed it. His statement to his landlady that he "intended to hide it in the woods somewhere" would contradict his claim that he only borrowed the four-wheeler. Appellant's defense rested solely on his own testimony. In a trial on guilt, Appellant's extensive

3

criminal record would weigh heavily against his credibility. Appellant had only the slimmest chance of an acquittal by a jury. There was a strong factual basis for his plea.

Appellant also argues that he stood to gain nothing from his plea of guilty. Appellant faced a two year maximum term of confinement whether he went to trial before a jury or pleaded guilty to the court. Without a plea bargain, he had no assurance that he would not receive the maximum sentence allowed. The trial court assessed the statutory maximum term of confinement. Appellant argues that in his case, the normal inducements for a defendant to plead guilty while professing innocence were lacking. This, he insists, supports his contention that his decision to plead guilty could not have been intelligent and therefore his plea was not voluntary.

Appellant's incentive to plead guilty was not so obvious as that presented the defendant in *Alford*. There, Alford's plea of guilty to second degree murder allowed him to avoid the possibility of a death sentence. *Alford*, 400 U.S. at 27, 91 S. Ct. at 162. But, given the options available to Appellant, the course he chose was a reasonable one.

Appellant had only the most slender hope of acquittal by a jury. Conviction by a jury would have meant no community supervision and probably a maximum sentence. Given his criminal record and the strength of the State's case, his best chance for community supervision was a plea of guilty to the trial court. That Appellant was disappointed in his hope for community supervision does not render his decision unreasonable or unintelligent.

Appellant indicated his desire to plead guilty in signing the written admonishments and stipulations before his plea hearing. He pleaded guilty at the beginning of his plea hearing. He reiterated his plea of guilty at its close.

The evidence against Appellant substantially negated his attempt to minimize his culpability. He persisted in his plea of guilty. Appellant's first issue is overruled.

### INVOLUNTARY GUILTY PLEA

In his second issue, Appellant contends that his plea was not voluntary, because the trial court failed to properly admonish him concerning his choice to plead guilty to a crime that he maintained he did not commit.

### Standard of Review

When considering the voluntariness of a guilty plea, a reviewing court must examine the entire record. *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998) (en banc) (per

curiam). We evaluate the trial court's decision regarding the voluntariness of Appellant's guilty plea under an abuse of discretion standard. *Hinkle v. State*, 934 S.W.2d 146, 149 (Tex. App.— San Antonio 1996, pet. ref'd).

## Applicable Law

In *North Carolina v. Alford*, the United States Supreme Court held that due process is not denied by a conviction upon a plea of guilty if the record before the court contains strong evidence of guilt, and the defendant clearly expresses a desire to enter the guilty plea despite his professed belief in his innocence. 400 U.S. at 37-38, 91 S. Ct. at 167-68. The defendant must voluntarily, knowingly, and understandingly conclude that his best interest is served by the entry of a guilty plea. *Id*.

In Texas, the court may not accept a plea other than not guilty unless it appears that the defendant is mentally competent and the plea is free and voluntary. TEX. CODE CRIM. PROC. ANN. art. 26.13(b) (West Supp. 2013). The court must admonish the defendant of the applicable range of punishment and other consequences of conviction. *See generally id*. A guilty plea must be entered into knowingly and intelligently. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006).

In *Mendez v. State*, 138 S.W.3d 334 (Tex. Crim. App. 2004), it was undisputed that the defendant shot and killed the victim. *Id.* at 336. The defendant pleaded guilty, but in his testimony denied any intent to kill her. *Id.* at 336-37. The jury assessed his punishment at imprisonment for ninety-nine years. The defendant appealed complaining that the trial court should have sua sponte withdrawn his guilty plea after his testimony raised an issue as to his guilt. *Id.* The court of criminal appeals held that the defendant had the right to withdraw a plea of guilty in a timely fashion. *Id.* at 350. But having once waived his right to a jury trial, it was incumbent on him to "unwaive" that right and withdraw his plea of guilty. *Id.* Having failed to do so, he could not complain on appeal that the trial court did not do it for him. *Id.*

## Discussion

Appellant complains that his plea was not voluntary because the trial court did not properly admonish him concerning his decision to plead guilty "to insure that it was an intelligent and voluntary decision, a necessary condition to a valid plea."

In the Written Plea Admonishment-Waiver-Stipulations filed with the court, Appellant attested that he understood the written admonishments by the court, that he was aware of the

consequences of his plea, that he was mentally competent, and that his plea was freely and voluntarily made. He stated that he pleaded guilty and confessed to having committed each and every element of the offense alleged. At the plea hearing, he pleaded guilty. But when the court asked if he was guilty, he said "no."

The trial court explained to Appellant that situations occur where a vehicle might be taken without permission but without the intent to permanently deprive the owner of it. Then the court asked Appellant if he took the four-wheeler without the owner's permission. Appellant replied "yes sir." After this admission, the trial court elicited Appellant's side of the story. Appellant said he borrowed the vehicle but intended to take it back.

The court then heard or read a summary of the State's case. This showed that Appellant had taken the four-wheeler without permission. He broke the rear end but had it fixed so he could ride it as a two-wheeler. The woman with whom Appellant and his wife lived reported that his wife told her "the crazy mf has stole another four-wheeler." When Appellant brought the vehicle to her house, she told Appellant she would not allow him to keep stolen property there. He responded, "[T]hen I'll hide it in the woods somewhere." When after two days the owner found him riding what was now a two-wheeler, he abandoned it and ran into the woods. At the time of trial, Appellant was on community supervision in San Augustine County for the theft of a four-wheeler, which he had also wrecked. At the close of the inquiry, the trial court asked him again, "Well, so you're pleading guilty?" Appellant responded, "Yes, sir."

The trial court conducted an intensive inquiry into Appellant's claims that he had simply borrowed the four-wheeler. The evidence against Appellant substantially refuted his claim that he intended to return the vehicle. The trial court's careful review of the circumstances from the perspective of both Appellant and the State provided a means to test whether the plea was being entered intelligently. *See Alford*, 400 U.S. at 37-38, 91 S. Ct. at 167.

Appellant never evinced a desire to withdraw his plea despite the court's explanation that borrowing the vehicle with the intent to return it would not constitute theft. His lawyer indicated that if Appellant did not believe he was guilty, he was prepared to go to trial. The trial court's admonition was sufficient to demonstrate that Appellant's plea of guilty was given intelligently, freely, and voluntarily.

Appellant had ample opportunity to withdraw his plea of guilty, but chose not to do so. The trial court had no duty to do it for him. *See Mendez*, 138 S.W.3d at 349. Appellant argues

that he was entitled to an additional or supplementary admonition because he indicated in his testimony that he lacked the intent to commit the offense charged. The trial court could not have accepted an involuntary plea of guilty. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(b). No special forewarning or admonishment would serve to circumvent this prohibition. Appellant's second issue is overruled.

## DISPOSITION

Having overruled Appellant's two issues, we ***affirm*** the judgment of the trial court.

**BILL BASS**
Justice

Opinion delivered  August 13, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 13, 2014**

**NO. 12-14-00023-CR**

**DAVID MONROE BASS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 217th District Court

of Angelina County, Texas (Tr.Ct.No. 2012-0614)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Bill Bass, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Bass, Retired J.,*
*Twelfth Court of Appeals, sitting by assignment.*