JUAN DE DIOS DE LEON V. STATE

No. 34,806. October 17, 1962

*Bryan Wingo,* Corpus Christi, for appellant.

*William L. Hardwick,* County Attorney, George West, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is driving while intoxicated; the punishment, 3 days in jail and a fine of $50.00.

The witness Nichols, who was a member of the Highway Patrol on the day in question, testified that, while on duty at approximately 8:00 P.M. he had occasion to stop an automobile and was talking to the driver thereof when he noticed an automobile approaching them; that it crossed over the center line headed in the direction of where he and the other driver were standing; that they ran for the ditch to avoid being hit; and that, after the moving automobile passed, he re-entered his patrol car and gave chase. He stated that he soon overtook appellant and brought him to a halt; that appellant spoke in a slurred manner,

smelled of alcohol and urine; that his pants were unzipped and wet; that he placed appellant in the patrol car and carried him to the jail at George West, where appellant had difficulty mounting the steps; and that while he was making out the necessary papers relating to his arrest appellant went into the next room and urinated against the wall. He expressed the opinion that appellant was very intoxicated.

Appellant, testifying in his own behalf, stated that at the time in question he worked for the Highway Department and owned a beer tavern; that he had been in Three Rivers where his tavern was located during the day preceding his arrest, admitted having drunk three or four beers during the course of the afternoon but denied that he was intoxicated. He attributed the manner of his driving to the condition of the highway and of his automobile and admitted that he had urinated inside the court house but stated that he did so because the officers would not give him permission to go to the rest room.

The jury resolved the conflict in the evidence against appellant, and we find it sufficient to support the conviction.

The remaining complaint relates to alleged jury misconduct. We find in the record a motion for new trial alleging that one of the jurors sat in the courtroom and could have heard a discussion of the law between the court and counsel during a recess of the trial. This motion is not shown to have been presented to the trial court or acted upon by him, and the same was controverted by the State. There is no statement of facts on a hearing, and we cannot accept the allegations in the motion as proof of such fact. Cartwright v. State, 158 Texas Cr. Rep. 344, 255 S.W. 2d 878.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.