**Marvin Louis VAUGHN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42852.**

Court of Criminal Appeals of Texas.

May 6, 1970.

On Rehearing July 15, 1970.

George Rentz, Waco (court appointed on appeal), for appellant.

Martin D. Eichelberger, Dist. Atty., Frank M. Fitzpatrick, Jr., Kenneth H. Crow, and James R. Barlow, Asst. Dist. Atty., Waco, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Judge.

This is an appeal from a conviction for robbery by assault with a firearm with the punishment assessed at 45 years.

Appellant urges that the evidence is insufficient to sustain the jury's verdict. We do not agree. This is a companion case to Watkins v. State, Tex.Cr.App., 452 S.W.2d 444 and the facts are similar to those set out in such opinion.

William George Dawson, night clerk at the Texas Hotel in the City of Waco, testified that the appellant was one of three men who robbed him at gunpoint on October 15, 1968, around 3 a. m., taking money from the cash drawer and taking his billfold. He also related the appellant beat him with a pool cue and took his watch. Dawson recognized the appellant as having been in the hotel on an earlier occasion.

The State also introduced appellant's extrajudicial written confession shown to have been taken in compliance with Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, and Article 38.22, Vernon's Ann.C.C.P., after the appellant had appeared before a magistrate and had been warned in accordance with Article 15.17, V.A.C.C.P.

The appellant, his mother, aunt and sister all testified as to alibi. Both co-defendants were called as defense witnesses and testified the appellant had not been with them on the morning of the robbery. The jury by their verdict rejected appellant's defense and we find the evidence sufficient to sustain that verdict.

Ground of error #2 is overruled.

■ The punishment assessed by the court, being within the statutory limits and the State having waived the death penalty, cannot be considered excessive. Article 1408, Vernon's Ann.P.C.; Gonzales v. State, Tex.Cr.App., 386 S.W.2d 139; Sonderup v. State, Tex.Cr.App., 418 S.W. 2d 807; 16 Tex.Jur.2d 120, Sec. 19. It is further observed that the penalty assessed is the same as that assessed against the co-defendant Watkins.

Ground of error #3 is overruled.

■ We find no error in the court's action in permitting the State to impeach the defense witnesses Watkins and Wright with their prior felony convictions which were not too remote. See Article 38.29, V.A.C.C.P.

Ground of error #5 is overruled.

In his first and fourth grounds of error appellant complains that he was denied the effective assistance of counsel at his trial. The record reflects counsel was appointed on December 31, 1968, and that appellant's trial commenced on March 18, 1969. There was no motion for continuance.

During the course of the trial counsel vigorously cross examined the State's witnesses, objected, requested and received a separate hearing in the jury's absence on the voluntariness of the confession, and called five witnesses as to appellant's defense of alibi.

Counsel timely filed a motion for new trial urging two of the grounds upon which appellant now relies. He was allowed to withdraw by the court when it was shown that the appellant had employed counsel of his own choice.

■ On May 2, 1969, the court entered an order noting that the motion filed by appointed counsel had been overruled by operation of law and that the amended motion for new trial by employed counsel presented for the first time on that day was presented too late for filing. It is in such amended motion that we found the claim that appointed counsel failed to present an adequate defense, encouraged him to plead guilty (which he did not) and spent less than 25 minutes in consultation with the appellant prior to trial. Allegations in motions for new trial, even though timely filed, do not prove themselves. See

DeLeon v. State, 172 Tex.Cr.R. 583, 360 S.W.2d 873.

Appellant, now represented by appointed counsel on appeal, further claims appointed counsel at the trial failed to subpoena an additional witness as to alibi. Such claim is not supported by the record, not even by the unsworn statement of the appellant attached to the appellate brief which cannot be considered a part of the record.

Our examination of the record does not reflect that appellant was denied the effective assistance of counsel. MacKenna v. Ellis (5th Cir.) 280 F.2d 592; Williams v. Beto (5th Cir.) 354 F.2d 698; Fletcher v. State, Tex.Cr.App., 396 S.W.2d 393; Morgan v. State, Tex.Cr.App., 403 S.W.2d 150.

Grounds of error #1 and #4 are overruled.

The judgment is affirmed.

## OPINION ON MOTION ON REHEARING

DOUGLAS, Judge.

It is shown by affidavit of the sheriff of McLennan County, Texas, that on July 5, 1970, after an appeal was taken to this Court, and while a motion for rehearing was pending before this Court, the appellant escaped from the custody of the sheriff and was at large until he was recaptured the following day. The State moves to dismiss the appeal.

The appeal should be dismissed under the provisions of Articles 44.09 and 44.10, V.A.C.C.P., and under the holdings in McGee v. State, Tex.Cr.App., 436 S.W.2d 340 and Leopard v. State, Tex.Cr.App., 429 S.W.2d 150.

The motion is granted, and the appeal is dismissed.