Marcellus Lee WILLIAMS, Appellant,

v.

STATE of Texas, Appellee.

No. 01-81-0809-CR.

Court of Appeals of Texas,
Houston (1st Dist.)

March 17, 1983.

Rehearing Denied April 14, 1983.

Bertrand C. Moser, Houston, for appellant.

Patricia Saum, Houston, for appellee.

Before JACK SMITH, DUGGAN and LEVY, JJ.

## OPINION

JACK SMITH, Justice.

The appellant was indicted on two counts of burglary with intent to commit rape. Trial was to a jury which found the appellant guilty and assessed his punishment at ten years confinement on each count. In a single ground of error, he asserts that an "outburst" which occurred in the courtroom, when the verdict of guilty was received, prejudiced the jury and deprived him of due process of law.

■ The statement of facts does not contain an account of the events that transpired during the course of the outburst. However, we are able to glean from statements made by counsel, which appear in the record, some of the events which occurred. These events were as follows:

When the jury announced their verdict of guilt, some members of appellant's family began a disturbance in the courtroom. A "melee" ensued between his family and police officers and, at some point, the appellant joined in the fracas.

It is unclear from the record just how much of the disturbance was witnessed by the jury. We know that the jury witnessed some of the incident because the judge issued an instruction to the jury regarding the disturbance.

After the incident occurred and prior to the court's instruction to the jury, the appellant presented two motions to the court outside the presence of the jury. He first moved for a mistrial based on the jury's observation of the incident. He argued that news of the incident and its intimidation of the jury had been reported by the press. When the court overruled this motion, the appellant's attorney made a motion that the court poll the jury to ascertain whether the jury could impose punishment fairly after witnessing the incident. He reminded the court that the appellant was seeking probation and suggested that the disturbance might have been so frightening to jurors that they would not recommend probation. The court denied this motion and admonished the appellant against any further outbursts.

When the court reconvened the next morning, the following instruction was given to the jury:

THE COURT: Good morning, members of the jury. I would instruct you and ask you not to let what happened following the court's recess yesterday afternoon affect you. I will assure you there will be security in this courtroom. We will not tolerate outbursts or anything of that sort. Also take recesses or cokes or coffee or anything and at noon we have arranged for you to be taken to lunch together. So you need not fear anything. I want to assure you nothing will happen and I also want to hope that you would feel at ease and hear the case out and render a decision you feel is a proper decision without consideration of any event or fear of any sort.

After this instruction was given, evidence was presented and closing arguments were made. The jury was then retired to the jury room to determine the appellant's punishment.

■ The appellant's assertion that the outburst by his family denied him due process of law assumes that the outburst made such an impression on the jury that they could not assess punishment based on the evidence alone. Based on the record before this court, we cannot agree with the appellant's assertion because the record in this case does not disclose what actually occurred after the jury announced its verdict of "guilty.". The incident was referred to by both the appellant and the State at the hearing on the appellant's motions. The most detailed account of the incident is contained in the appellant's motion for new trial. However, a motion for a new trial is a mere pleading and does not prove itself.

*Tsamouris v. State,* 472 S.W.2d 141 (Tex.Cr. App.1971).

Although the appellant asserts that the jury was prejudiced, there is no proof in the record that this is true. At the hearing on his motion for a new trial, he did not present affidavits or testimony of any juror that the incident so prejudiced the jury that it could not fairly assess punishment.

The appellant could have made a by-standers bill, describing in detail the events which occurred during the outburst, but he chose not to do so. The appellant could have subpoenaed the members of the jury to testify at his motion for a new trial, but for reasons known only to the appellant, this was not done.

 The probability of injury to the appellant because of the conduct of bystanders is essential to vitiate the jury's verdict. *Ashley v. State,* 362 S.W.2d 847 (Tex.Cr. App.1962), *cert. denied* 372 U.S. 956, 83 S.Ct. 955, 10 L.Ed.2d 10 (1963). In determining such probability, each case depends on its own factual situation. *Long v. State,* 59 Tex.Cr.R. 103, 127 S.W. 551 (Tex.Cr.App. 1910).

The appellant has cited no authority to support his assertion that the trial court erred when it did not poll the jury after the outburst occurred, to determine whether it could fairly assess the appellant's punishment. We are unaware of any authority, statutory or otherwise, that makes such action by the court mandatory. Thus, it was incumbent upon the appellant to establish, by competent evidence, the probability of injury to himself as a result of the outburst. This he has not done.

We cannot agree with the appellant's assertion that since he was eligible for probation, the fact that he received ten years on each count shows that the jury was prejudiced. Burglary with intent to rape is a second degree felony. The Texas Penal Code, Section 12.33, provides for a maximum penalty of 20 years confinement and a fine not to exceed $10,000 for a second degree felony.

Under these circumstances, we hold that there are insufficient facts in the record before this court to sustain the appellant's contention that he was denied due process of law. The appellant's ground of error is overruled.

The judgment of the trial court is affirmed.