Victoriano SANCHEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–84–0375–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

July 3, 1985.

Rehearing Denied July 3, 1985.

George McCall Secrest, Jr., Houston, for appellant.

John B. Holmes, Jr., Harris Co. Dist. Atty., Winston E. Cochran, Jr. and Casey O'Brien, Harris Co. Asst. Dist. Attys., Houston, for appellee.

Before LEVY, JACK SMITH and SAM BASS, JJ.

ON MOTION FOR REHEARING

LEVY, Justice.

Upon consideration of appellant's motion for rehearing, our opinion heretofore issued on April 11, 1985, is withdrawn and the following opinion is substituted.

A jury convicted appellant of murder and assessed punishment at 30 years confinement.

In his sole ground of error, appellant contends that the trial court erred in refusing to dismiss the prosecution because the State had violated his rights under the Speedy Trial Act. Tex.Code Crim.P.Ann. art. 32A.02 (Vernon Supp.1985).

We note initially that the record does not contain the written pre-trial motion required by the Act. However, both the State and the appellant agree that a handwritten motion was filed prior to the selection of a jury. The record reflects that during the afternoon of the first day of

trial, after a jury had been impanelled, the following statements were made:

> The Court: I did not see any Motion for Speedy Trial filed heretofore in this case. However, Mr. Rojo had handwritten one and filed it with the Clerk prior to the selection of this jury.
>
> Mr Herrera: And I also mentioned to you this morning that he was in Brazoria County and did have the intention of arguing that motion.
>
> The Court: We are going to take it up at this time.
>
> Mr. Rojo: Your Honor, I have listed both cases, but in the body of the case, my main thrust was on the murder case. We are trying both cases at one time. Your Honor, since the cases arise out of the same transaction, my motion would go to both cases, if the Court please?

The conversation referred to by Mr. Herrera does not appear in the record. Nor can we determine the time when such a conversation took place.[1]

Section 3 of the Speedy Trial Act states that:

> The failure of a defendant to *move for discharge* under the provisions of this article *prior to trial* or the entry of a plea of guilty constitutes a waiver of the rights accorded by this article. (Emphasis added.)

■ The phrase "move for discharge," as used in the statute, implies not only that a motion must be filed but that it must also be brought to the attention of the court so that the court may rule thereon. *Leal v. State*, 626 S.W.2d 866 (Tex.App.—Corpus Christi 1981, no pet.). This interpretation comports with the general rule that error is preserved only where the motion or objection is brought to the attention of, and ruled upon by, the trial court. *Martinez v. State*, 565 S.W.2d 70, 71 (Tex.Crim.App.

1978); *Aranda v. State*, 640 S.W.2d 766 (Tex.App.—San Antonio 1982, no pet.). The record before us shows only that the motion was "filed" before the selection of the jury and that appellant failed to urge the motion until after the jury was selected.

■ Unlike the situation in *Noel v. State*, 827–83 (Tex.Crim.App., March 14, 1984) (not yet reported) (motion for reh'g pending), in which the Court of Criminal Appeals held that the statute did not require that the speedy trial motion be filed prior to the day of trial, we do not find that the appellant waived his rights under the Act in the instant case because his motion was untimely filed. We do, however, conclude that appellant waived his rights under the Act because he failed to urge his motion until after the jury was selected.

Appellant cites *DeVaughn v. State*, 678 S.W.2d 143 (Tex.App.—San Antonio 1984, no pet.), for the proposition that appellant did not waive his right to object to the denial of a speedy trial. There it was entirely the fault of the trial court that the motion was not timely urged, but here, in contrast, the appellant elected to urge his speedy trial motion after the jury was selected, thus waiving his section 3 rights.

■ Because both sides had announced ready and the jury had already been selected, we find that the trial had "commenced" for the purposes of the Speedy Trial Act prior to the time appellant urged his motion to dismiss. We conclude that appellant failed to timely move for discharge and thereby waived his rights under section 3 of the Act. *Cf. Humphrey v. State*, 646 S.W.2d 949, 950 (Tex.Crim.App.1983) (en banc) (where a motion filed after the defendant announced ready for trial, selected

---

1. The record does reflect that on June 4, 1984, both sides appeared and announced ready, at which time a venire panel was brought to the courtroom and the court began its preliminary inquiries. At that time, the court indicated that Mr. Rojo was not present but was expected to arrive "by the time we get back into voir dire after the break." After a lengthy explanation of the proceedings, the court recessed for lunch. When the proceedings resumed, the prosecutor proceeded with his voir dire, during which time Mr. Rojo was present and challenged at least one juror.

a jury which was then sworn, and entered a plea, was held untimely).

Appellant's ground of error is overruled, and the judgment of the trial court is affirmed.