**Albert Roy NICHOLSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–86–00315–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Sept. 24, 1987.

**60**

Gilbert A. Villarreal, Houston, for relator-appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Houston, Cathleen C. Herasimchuk, Gladys Aguero, Harris County Asst. Dist. Attys., Houston, for respondent-appellee.

Before EVANS, C.J., and LEVY and SAM BASS, JJ.

## OPINION

LEVY, Justice.

A jury found appellant guilty of resisting arrest. The trial court assessed punishment at one year confinement in the Harris County jail and a fine of $500. On appeal, appellant asserts four points of error.

In his first point of error, appellant alleges that the trial court erred in its failure to grant his motion to shuffle the jury panel. Although the record reveals that appellant did file a pre-trial motion that requested shuffling of the jury panel, there is no evidence that appellant ever sought to invoke that right at trial by bringing his motion to the attention of the trial judge or through a bill of exception. An appellant has an absolute right to have the court shuffle the jury panel before the voir dire examination under Tex.Code Crim. P.Ann. art. 35.11 (Vernon 1966); *Stark v. State*, 657 S.W.2d 115, 116 (Tex.Crim.App. 1983). However, he must exercise the right by presenting the motion to shuffle to the court. *Dynes v. State*, 479 S.W.2d 676, 677 (Tex.Crim.App.1972); *Latham v. State*, 656 S.W.2d 478, 479 (Tex.Crim.App.1983) (motion to shuffle must be urged before commencement of voir dire); *Sanchez v. State*, 694 S.W.2d 223, 224 (Tex.App.—Houston [1st Dist.] 1985, pet. granted) (a motion must be brought to the attention of the trial court or it is waived). Because the record does not establish that appellant timely urged his motion at the trial court level, he has waived the error on appeal.

Appellant's first point of error is overruled.

In his second point of error, appellant claims that the trial court erred in precluding him from cross-examining officers Edwards and Amerson regarding their second shooting of the appellant.

■ Appellant and the officers testified to very different accounts of the events. Officer Edwards and the complainant, Officer Amerson, testified that they were working undercover and riding in a van when appellant motioned for them to stop. Apparently determining that the officers were college students who wanted to purchase drugs, appellant entered the van and proceeded to lead the officers to a private residence where Amerson was able to purchase drugs. After the sale, Amerson and appellant re-entered the van. They drove a short distance when Amerson, who was seated behind appellant, threw his badge onto the dashboard, identified himself as a police officer, and told appellant he was under arrest for delivery. When appellant immediately attempted to leave the van, Amerson sought to restrain him and a struggle ensued. Appellant hit Amerson in the face and exited the van. After leaving the van's interior, appellant allegedly stood in the door shouting threats and obscenities at the officers, while holding one hand in his tennis shorts. Amerson, believing appellant had a gun and fearing for the life of his partner, took out his pistol and fired in appellant's direction. The trial court did not allow cross-examination of the officers concerning any event that occurred after the shooting, reasoning that the substantive offense of resisting arrest had already occurred and that any showing of force by the officers after appellant's initial resistance was irrelevant. *See* Tex.Penal Code Ann. secs. 9.31(b)(2) and (c)(1) (Vernon 1974).

Appellant testified that he had asked the officers for a ride and that while he was riding in the van with the officers, they inquired about drugs. Appellant allegedly disclaimed any knowledge about drugs in the area and asked to be dropped off at a fast food restaurant. When the van neared the restaurant, Amerson told appellant to put his hands on the dashboard and allegedly pointed a gun to his head. Appellant heard Amerson say that he was a police officer, but appellant did not believe him. Instead, fearing that he was being robbed, appellant exited the van and began to run. The officers shot appellant in the hip. Appellant hid in some nearby bushes, and the officers pursued and shot him again before arresting him.

Appellant's attorney offered a bill of exceptions outside the presence of the jury. He questioned officers Amerson and Edwards regarding the events that occurred after appellant's exit from the vehicle. The officers testified that they pursued appellant to some bushes behind the fast food restaurant, and that they then directed appellant to come out from behind the bushes with his hands above his head. Appellant complied until he came near to Amerson, when he lunged at Amerson and they began to fight. The gun Amerson was holding allegedly discharged accidentally and a bullet struck appellant in the thigh. The officers differed on whether a subsequent search of the area was conducted.

Appellant alleges that the officers' testimony demonstrated bias, and that the trial court's refusal to allow testimony concerning the events that occurred after the initial resistance denied his right to confront the witnesses against him. Appellant cites three cases to support his proposition that a trial court commits error when it refuses to permit cross-examination or evidence regarding a police officer's conduct: *Seal v. State*, 496 S.W.2d 621, 622–623 (Tex.Crim. App.1973) (trial court erred in not permitting a co-defendant to testify to a police beating which occurred shortly after his arrest and which grew out of a transaction for which the defendant was charged); *Blair v. State*, 511 S.W.2d 277, 278–279 (Tex.Crim.App.1974) (trial court erred in not permitting a co-defendant to testify to police threats, intimidation, and a blow which occurred the day following his arrest); *Coleman v. State*, 545 S.W.2d 831, 833–834 (Tex.Crim.App.1977) (trial court erred in not permitting defendant's friend to testify that the police department had repeatedly abused defendant's rights by

engaging in hostile acts and bringing false charges).

In general, the trial court has considerable discretion as to how and when bias may be proved. *Carrillo v. State*, 591 S.W.2d 876, 886 (Tex.Crim.App.1979). However, it has also been held that any fact tending to show the witness's mental bias, interest, prejudice, or any other motive, mental state, or status which, fairly considered and construed, might even remotely tend to affect his credibility, should be admitted. *Coleman v. State*, 545 S.W.2d at 834; *Green v. State*, 54 Tex.Crim. 3, 7, 111 S.W. 933, 935 (1908).

■ We conclude that the trial court committed error in refusing to admit appellant's cross-examination of officers Edwards and Amerson regarding the second shooting of appellant, and that the error is reversible unless we find beyond a reasonable doubt that the error made no contribution to the conviction or to the punishment. Tex.R.App.P. 81(b)(2). Resistance to arrest, hazardous to both the arresting officer and the intended arrestee, is justifiable only when the actor reasonably believes that such resistance is immediately necessary to protect himself against the peace officer's use or attempted use of force greater than necessary to carry out the arrest. Tex.Penal Code Ann. sec. 9.31(c)(2) (Vernon 1974). It is *not* justifiable when the arrestee believes merely that the arrest is without justification or reason. Preclusion of the officers' cross-examination testimony resulted in the barring of evidence essential to an element of appellant's defense, viz., that excessive and possibly deadly force was used to affect the arrest, thus necessitating his resistance. Appellant was entitled to present evidence germane to his defense. Also, evidence sought to be elicited from the officers on cross-examination may have affected their credibility as witnesses against appellant. In light of this, we cannot find beyond a reasonable doubt that the court's refusal to allow the jury access to the barred testimony did not contribute to the appellant's conviction. We conclude, therefore, that the appellant has shown harm.

Accordingly, appellant's second point of error is sustained.

In his third point of error, appellant claims that the trial court erred by failing to instruct the jury on the offense of evading arrest. Appellant contends that "evading" arrest is a lesser included offense of "resisting" arrest.

In general, an offense is a "lesser included" offense if it is established by proof of the same or less than all the facts required to establish the commission of the offense charged. Tex.Code Crim.P.Ann. art. 37.09 (Vernon 1981). Whether the offense in question bears such a relationship to the primary offense charged as to constitute a "lesser included" offense must be determined on a case-by-case basis. *Ex parte McClelland*, 588 S.W.2d 957, 959 (Tex. Crim.App.1979).

■ The offenses of evading arrest and resisting arrest do not require exactly the same elements of proof. "Evading" arrest requires two additional elements that "resisting" arrest does not, viz., that the person "flees" and that the attempted arrest is lawful. *Cf. Jackson v. State*, 718 S.W.2d 724, 728 (Tex.Crim.App.1986) (McCormick, J., dissenting); *Jones v. State*, 606 S.W.2d 856, 858 (Tex.Crim.App.1980). Because neither of these elements is required in the proof of resisting arrest, "evading arrest" is a distinct offense, requiring proof of different, not lesser, elements than those of resisting arrest. A lesser-included instruction is proper only where the charged greater offense requires the jury to find a disputed factual element that is not required for conviction of the lesser-included offense. Since the two offenses do not require the same elements of proof, "evading arrest" cannot be established by proof of the same or less than all the facts required to establish the commission of the greater offense charged, as required by Tex.Code Crim.P.Ann. art. 37.09 (Vernon 1981), and is not a lesser included offense of "resisting arrest."

Appellant's third point of error is overruled.

In his fourth point of error, appellant asserts he was denied his right of allocution. Appellant is guaranteed this right by Tex.Code Crim.P.Ann. art. 42.07 (Vernon Supp.1987), which provides that "[b]efore pronouncing sentence, the defendant shall be asked whether he has anything to say why the sentence should not be pronounced against him."

██ No error is preserved, however, when an appellant does not object to the court's failure to provide appellant his right of allocution or when appellant fails to timely assert the existence of any statutory reason set forth in art. 42.07 to prevent pronouncement of sentence. *Tenon v. State*, 563 S.W.2d 622, 623–624 (Tex.Crim. App.1978). The record reveals that appellant made no objection to the court's failure to inquire, and he alleges in his brief no statutory basis for preventing pronouncement of sentence. Appellant has thus failed to preserve error.

Appellant's fourth point of error is overruled.

The judgment of the trial court is reversed and the cause is remanded.