Opinion issued February 3, 2005















In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-04-00281-CR
____________
 
KENNETH RICHARDSON, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 184th District Court
Harris County, Texas
Trial Court Cause No. 917575
 

 
 
MEMORANDUM OPINION
          Appellant, Kenneth Richardson, pleaded guilty to the offense of aggravated
robbery


 without an agreed punishment recommendation from the State, and the trial
court assessed his punishment at confinement for 60 years. In three points of error,
appellant contends that the trial court erred in not impaneling a jury to determine
whether he was competent to enter his guilty plea, in denying his motion for a new
trial, and in not affording him an opportunity, prior to the pronouncement of his
sentence, to state why his sentence should not be pronounced. We affirm.
Procedural Background
          On January 26, 2004, prior to accepting appellant’s guilty plea, the trial court
asked appellant whether he had ever been mentally ill, and appellant responded that
he had previously been diagnosed as “bipolar” with paranoid schizophrenia. 
However, in response to the trial court’s other questions, appellant replied that he
understood the nature of the particular proceeding, was not taking any psychological
medications at the time of his plea, was satisfied with his attorney’s work on his case,
understood that he had signed a confession that he had committed the charged
offense, understood that he was giving up his right to a jury trial, and had not been
forced or threatened to enter a guilty plea. Appellant’s lawyer also stated that she was
comfortable with appellant’s competency and his ability to understand her. The trial
court accepted appellant’s guilty plea but withheld its finding of guilt. The trial court
reset the case for a pre-sentence investigation (PSI) hearing. 
          At the PSI hearing, held on March 24, 2004, the trial court, without objection
by either party, included an addendum to a PSI report that explained that appellant
had AIDS, was taking medication for the disease, and had expressed his desire that
the trial court take his illness into consideration when determining his sentence. After
the admission of the letter, appellant’s attorney made the following record: 
In light of the particular addendum being added, we would—I would
like to make a record concerning the fact that I have talked with Mr.
Richardson on numerous occasions in court and over at the jail, and I
feel very confident that he has understood clearly all our discussions. 
Every time during my conversations with him, he has been lucid, had
made comments that are absolutely relevant to his case. I feel confident
that I have been able to communicate with him, and he is currently in a
clear thinking state and able to make decisions. May I ask him for the
record if he feels that he is mentally—feeling all right now to proceed?
 
          The trial court then allowed appellant’s lawyer to ask appellant a series of
questions regarding his mental health, to which appellant replied that he understood
that he was at a PSI hearing, that he was thinking clearly and able to proceed that day, 
that he had been able to proceed during the course of his case, and that he had
understood everything he and his attorney had discussed. In response, the trial court
stated that it took “judicial notice that at the time [it] accepted the plea, [it] found him
to be competent.” 
 
Competency to Enter Plea
          In his first point of error, appellant argues that the trial court abused its
discretion in not impaneling a jury to conduct a competency hearing before it
sentenced appellant because “substantial evidence raised a bona fide issue as to
[a]ppellant’s mental health and competence.”


 
          A trial court shall not accept a guilty plea unless it appears that the defendant
is mentally competent and the plea is voluntary. Tex. Code Crim. Proc. Ann. art.
26.13(b) (Vernon 1989). A person is incompetent to stand trial if he does not have
sufficient present ability to consult with his lawyer with a reasonable degree of
rational understanding, or a rational, as well as factual, understanding of the
proceedings against him. Id. art. 46B.003(a) (Vernon Supp. 2004-2005). A person
is presumed competent to stand trial and shall be found competent to stand trial unless
proved incompetent by a preponderance of the evidence. Id. art. 46B.003(b) (Vernon
Supp. 2004-2005). We review a trial court’s decision not to conduct a competency
hearing for an abuse of discretion. See Moore v. State, 999 S.W.2d 385, 393 (Tex.
Crim. App. 1999). A trial court abuses its discretion if its decision is arbitrary or
unreasonable. Lewis v. State, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995).
          If evidence suggesting that a defendant may be incompetent to stand trial
comes to the trial court’s attention, the court, on its own motion, shall suggest that the
defendant may be incompetent to stand trial. Tex. Code Crim. Proc. Ann. art.
46b.004(b) (Vernon Supp. 2004-2005). On suggestion that the defendant may be
incompetent to stand trial, the court shall determine by informal inquiry whether there
is some evidence from any source that would support a finding that the defendant may
become incompetent to stand trial. Id. art. 46B.004(c) (Vernon Supp. 2004-2005). 
The trial court must conduct a competency inquiry only if the evidence raises a bona
fide doubt in the trial court’s mind about the defendant’s competency to stand trial. 
See McDaniel v. State, 98 S.W.3d 704, 710 (Tex. Crim. App. 2003) (explaining that 
competency inquiry under former article 46.02 was required only if evidence brought
to trial court’s attention raised bona fide doubt in trial court’s mind about defendant’s
competency to stand trial).


 Evidence is usually sufficient to create a bona fide doubt
if it shows “recent severe mental illness, at least moderate retardation, or truly bizarre
acts by the defendant.” Id. If, after an informal inquiry, the court determines that
evidence exists to support a finding of incompetency, the court shall order an
examination to determine whether the defendant is incompetent to stand trial. Tex.
Code Crim. Proc. Ann. art. 46B.005(a) (Vernon Supp. 2004-2005). Furthermore,
generally, if the court determines that evidence exists to support a finding of
incompetency, the court shall hold a hearing before determining whether the
defendant is incompetent to stand trial, and, on the request of either party or on the
court’s motion, a jury shall make the determination as to whether the defendant is
incompetent. Id. art. 46B.005(b), 46B.051(Vernon Supp. 2004-2005) . 
          Appellant asserts that several “red flags” within the PSI report “should have
alerted the trial court as to the [in]competency of the [a]ppellant.” Appellant notes
that, as provided in the PSI report, the investigator elicited the following information
from appellant: (1) appellant’s mother “is disabled and has always suffered from
mental illness and health problems” and “that she had real bad ‘nerves’”; (2) his
family life was dysfunctional; (3) he had been sexually abused as a child;
(4) appellant made allegedly inconsistent statements to the investigator by first stating
that he was not guilty of the charged offense and was pleading guilty only to avoid
a life sentence, but then stating that “he has not done an offense this ‘stupid’ since he
was a kid”; (5) he is bipolar and has been treated for manic depression but has
stopped taking his psychotropic medication. In a handwritten letter included as part
of the PSI report, appellant wrote that (1) he has contracted AIDS/HIV from his
common-law wife; (2) as a young man, he was caught up in a “cycle of self-destructive behavior”; (3) he attempted suicide one time “from the pressure of trying
to do too much too soon” after he was paroled in 1994 and after his brother died of
AIDS; (4) he was admitted into a psychiatric hospital on three different occasions for
mental problems; and (5) he began to self-medicate after learning that he had been
infected with AIDS/HIV from his common-law wife and that their child might also
have been infected with the disease. Finally, many of appellant’s family and friends
stated in their character references, included in the PSI report, that appellant has had
to endure long-term mental and physical abuse. Thus, appellant argues that “the
evidence specified above was of such a nature demonstrating not only a recent, but
ongoing severe mental illness that the [t]rial [c]ourt should have empanelled [sic] a
jury to determine the issue of [a]ppellant’s competence and should not have relied
solely on an informal inquiry.”
           However, in the instant case, the trial court, at appellant’s plea, questioned
appellant as to his competence. At the PSI hearing, after appellant responded to
questions from his attorney concerning his mental ability, the trial court took “judicial
notice that at the time [it] accepted the plea, [it] found him to be competent.” Thus,
it appears that the trial court made an informal competency inquiry at both the plea
hearing and the PSI hearing that did not reveal evidence of recent severe mental
illness, moderate retardation, or truly bizarre acts by appellant. Furthermore, the
record reveals no evidence from any source, including the PSI report, that
documented any present or recent clinical proof of appellant’s incompetency at any
time prior to his plea and sentencing. Appellant’s previous mental and behavioral
impairments, his depression, his attempted suicide, and his use of narcotics do not
establish the required elements of incompetency concerning his “present ability to
consult with his counsel with a reasonable degree of understanding” and his “rational
and factual understanding of the proceedings against him.” See Brown v. State, 129
S.W.3d 762, 766 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (holding defendant’s
previous mental and behavioral impairments, inability to recall past events, inability
to recall circumstances of charged offense, and depression did not establish required
elements of competency); Reeves v. State, 46 S.W.3d 397, 399-400 (Tex.
App.—Texarkana 2001, pet. dism’d) (evidence that defendant’s birth mother drank
heavily while pregnant with defendant and of defendant’s drug addiction and suicide
attempt did not reflect on defendant’s ability to understand and participate in
proceedings against her); Rice v. State, 991 S.W.2d 953, 957 (Tex. App.—Fort Worth
1999, pet. ref’d) (holding competency test is not whether someone labored under
mental, behavioral, or psychological impairment); Townsend v. State, 949 S.W.2d 24,
27 (Tex. App.—San Antonio 1997, no pet.) (holding competency test is not met by
evidence of depression or mental illness); Ward v. State, 906 S.W.2d 182, 185 (Tex.
App.—Austin 1995, pet. ref’d) (evidence regarding nature and causes of defendant’s
drug addiction raised no issue regarding his ability to understand proceedings against
him or to consult with his attorney with a reasonable degree of rational
understanding). Here, the evidence presented in the PSI report did not support a
finding that appellant was incompetent to stand trial. 
          Because nothing in the record raised the issue of appellant’s ability to consult
with his counsel or his ability to understand the proceedings and the charges against
him at anytime during the proceedings, the evidence was insufficient to create a bona
fide doubt as to appellant’s competency. Accordingly, we hold that the trial court did
not abuse its discretion in not impaneling a jury for a competency hearing.
          We overrule appellant’s first point of error.
Denial of Appellant’s Motion for New Trial
          In his second point of error, appellant argues that the trial court erred in
denying his motion for new trial because “[s]ubstantial evidence concerning the
[a]ppellant’s mental health and his competency had been raised from the time
[a]ppellant was interviewed for the PSI, through the sentencing hearing, and in the
Motion for New Trial” and that such failure “denied him due process


 and due course
of law


 by prohibiting him from raising the issue of the [a]ppellant’s competence to
stand trial for sentencing.” Appellant did not attach any affidavits to his motion, nor
did he request a hearing on his motion. The trial court denied the motion without
conducting an evidentiary hearing.  
          A defendant may challenge his competency to stand trial in a motion for new
trial on a plea of guilty. Godoy v. State, 122 S.W.3d 315, 320 (Tex. App.—Houston
[1st Dist.] 2003, pet. ref’d). When the competency issue is raised in this manner, a
trial court does not look to see whether the evidence raises a bona fide doubt as to
competence but applies the traditional standard to determine whether to grant a
motion for new trial. Purchase v. State, 84 S.W.3d 696, 699 (Tex. App.—Houston
[1st Dist.] 2003, pet. ref’d). Thus, we review a trial court’s denial of a motion for
new trial for an abuse of discretion. Salazar v. State, 38 S.W.3d 141, 148 (Tex. Crim.
App. 2001); Purchase, 84 S.W.3d at 699. 
          A motion for new trial is a mere pleading and does not prove itself. Vaughn
v. State, 456 S.W.2d 141, 142 (Tex. Crim. App. 1970); Williams v. State, 651 S.W.2d
820, 821 (Tex. App.—Houston [1st Dist.] 1983, pet. ref’d). Unproved allegations in
a motion for new trial present nothing for our review. See Jones v. State, 501 S.W.2d
677, 680 (Tex. Crim. App. 1973). While not required by statute, if a motion for new
trial alleges facts outside the record, it must be supported by an affidavit. Reyes v.
State, 849 S.W.2d 812, 816 (Tex. Crim. App. 1993); Bearden v. State, 648 S.W.2d
688, 690 (Tex. Crim. App. 1983); Flores v. State, 18 S.W.3d 796, 798 (Tex.
App.—Austin 2000, no pet.); see Tex. R. App. P. 21.2. A motion for new trial
alleging facts outside the record unsupported by affidavit is fatally defective, and the
trial court does not err in refusing to entertain such motion. See Dugard v. State, 688
S.W.2d 524, 529 (Tex. Crim. App. 1985); Bearden, 648 S.W.2d at 690; Flores, 18
S.W.3d at 798; Bahlo v. State, 707 S.W.2d 249, 250-51 (Tex. App.—Houston [1st
Dist.] 1986, pet. ref’d). 
     Here, in his motion, appellant alleged that (1) he has filed a formal complaint with
the State Bar of Texas against his trial counsel for ineffective assistance; (2) he has
a history of mental health issues that were not explored by the trial court; (3) there
exists new evidence regarding the issue of identity; and (4) he has a documented
history of mental health problems. He concluded, thus, that “a new trial should [have
been] ordered to have [appellant] evaluated for sanity and competency and have such
new evidence considered as part of continued criminal proceedings against
[a]ppellant.” However, appellant did not attach any accompanying affidavits to
support the allegations made in his motion for new trial. Thus, appellant presented
no evidence to support the contentions in his motion for new trial. Accordingly, we
hold that the trial court did not abuse its discretion in denying appellant’s motion for
new trial. 
          We overrule appellant’s second point of error.
Right of Allocution
            In his third point of error, appellant contends that the trial court erred in not
inquiring of him, prior to pronouncing its sentence, as to whether he had anything to
say why the sentence should not be pronounced, precluding him from raising the
issue of his competency. See Tex. Code Crim. Proc. Ann. art. 42.07 (Vernon Supp.
2004-2005).
          Article 42.07 provides: 
Before pronouncing sentence, the defendant shall be asked whether he
has anything to say why the sentence should not be pronounced against
him. The only reasons which can be shown, on account of which
sentence cannot be pronounced, are:
               . . . . 
          2.  That the defendant is incompetent to stand trial; and if evidence be
shown to support a finding of incompetency to stand trial, no
sentence shall pronounced, and the court shall proceed under Chapter
46B. . . .Id. art. 42.07. 
          However, no error is preserved for review on appeal when a defendant does not
object to the trial court’s failure to provide an appellant his right to allocution or
when appellant fails to timely assert the existence of any statutory reason set forth in
Article 42.07 to prevent pronouncement of the sentence. Tenon v. State, 563 S.W.2d
622 (Tex. Crim. App. 1978); Graham v. State, 498 S.W.2d 197 (Tex. Crim. App.
1973); Nicholson v. State, 738 S.W.2d 59, 63 (Tex. App.—Houston [1st Dist.] 1987,
no pet.); see Tex. R. App. P. 33.1(a). 
          Here, the record shows that the trial court did not inquire as to whether
appellant had anything to say as to why the sentence should not have been
pronounced against him. However, appellant did not object to the trial court’s failure
to ask him if he had anything to say as to why the sentence should not be pronounced
against him, and appellant did not contend that he was incompetent at any time before
he was sentenced. Thus, we hold that appellant waived any error for our review. See
Tenon, 563 S.W.2d at 623-24.
          We overrule appellant’s third point of error.
Conclusion
          We affirm the judgment of the trial court.
 
 
 
                                                                        Terry Jennings
                                                                        Justice
 
Panel consists of Justices Nuchia, Jennings, and Alcala.
 
Do not publish. Tex. R. App. P. 47.2(b).