Opinion Issued June 23, 2005








     






In The
Court of Appeals
For The
First District of Texas




NO. 01–04–00803–CR




EDWARD LESTER TALLEY, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from 208th District Court 
Harris County, Texas
Trial Court Cause No. 862919




MEMORANDUM OPINION

          Without an agreed recommendation as to punishment, appellant, Edward Lester
Talley, pleaded guilty to the charged offense of possession with intent to deliver a
controlled substance, namely cocaine, weighing at least 400 grams. Appellant waived
his right to have a court reporter record his plea. Following a pre-sentence
investigation and a sentencing hearing, the trial court found appellant guilty of the
charged offense and assessed punishment at 15 years confinement and a $10,000 fine. 
No reporter’s record was made of the sentencing hearing.
          Appellant timely filed a motion for new trial. The entire substantive argument
contained in the motion is as follows: “The court’s decision is contrary to the law and
evidence. [Appellant] is illiterate and was unable to assist his counsel during the
hearing on punishment that was held on May 10, 2004.” The motion was neither
verified nor supported by affidavit. The trial court denied the motion for new trial
without a hearing. The same day, appellant filed a notice of appeal, which specified
that he sought to appeal only the trial court’s ruling on his motion for new trial. 
          In his sole issue, appellant complains that “the trial court committed reversible
error in overruling the appellant’s motion for new trial, where the appellant was
unable to assist his counsel during the punishment phase” due to his alleged illiteracy. 
We review the trial court’s denial of appellant’s motion for new trial for abuse of
discretion. Charles v. State, 146 S.W.3d 204, 208 (Tex. Crim. App. 2004). 
          Appellant contends that, because the trial court overruled his motion without
conducting a hearing, this Court should “deem the allegations contained in his motion
as true.” Appellant cites no authority in support of this contention and we know of
none. To the contrary, if, as here, a motion for new trial alleges grounds not
determinable from the record, a defendant is not entitled to a hearing on a motion
unless it is supported by an affidavit, either of the accused or someone else,
specifically showing the truth of the grounds of attack. See Reyes v. State, 849
S.W.2d 812, 816 (Tex. Crim. App. 1993). Because appellant’s motion for new trial
was not supported by an affidavit, the trial court acted properly in denying the motion
without a hearing. See id.
          Turning to the ultimate issue, it was also proper for the trial court to deny
appellant’s motion for new trial. A motion for new trial is a mere pleading and does
not prove itself. Vaughn v. State, 456 S.W.2d 141, 142 (Tex. Crim. App. 1970);
Williams v. State, 651 S.W.2d 820, 821 (Tex. App.—Houston [1st Dist.] 1983, pet.
ref’d). Unproved allegations in a motion for new trial present nothing for our review. 
See Jones v. State, 501 S.W.2d 677, 680 (Tex. Crim. App. 1973). Though not
required by statute, if a motion for new trial alleges facts outside the record, it must
be supported by an affidavit. See Bearden v. State, 648 S.W.2d 688, 690 (Tex. Crim.
App. 1983) (recognizing that, without verification or affidavit in support thereof,
motion for new trial based on matters outside of record insufficient as pleading); see
also Connor v. State, 877 S.W.2d 325, 327 n.3 (Tex. Crim. App. 1990) (recognizing
requirement that motion for new trial be verified or supported by affidavits when
based on facts outside record is not found in rules of procedure but rather judicially
imposed). A motion for new trial alleging facts outside the record unsupported by
affidavit is fatally defective, and the trial court does not err in refusing to entertain
such motion. See Dugard v. State, 688 S.W.2d 524, 529 (Tex. Crim. App. 1985),
overruled on other grounds, Williams v. State, 780 S.W.2d 802, 803 (Tex. Crim. App.
1989); Bearden, 648 S.W.2d at 690. 
          Here, appellant’s motion alleged that he was illiterate; these facts were outside
the record. Appellant’s motion for new trial was neither verified nor supported by
affidavit. Thus, we hold that the trial court did not abuse its discretion in denying
appellant’s motion for new trial.
          We overrule appellant’s sole issue and affirm the judgment of the trial court.

 



                                                                        Laura Carter Higley
                                                                        Justice

Panel consists of Justices Taft, Alcala, and Higley.

Do not publish. Tex. R. App. P. 47.2(b).