ACCEPTED
14-14-00733-CR
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
12/31/2014 10:54:20 AM
CHRISTOPHER PRINE
CLERK

# No. 14-14-00733-CR
# No. 14-14-00734-CR

In the
## Court of Appeals
For the
## Fourteenth District of Texas
At Houston

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS

12/31/2014 10:54:20 AM

CHRISTOPHER A. PRINE
Clerk

————◆————

## No. 1325864
## No. 1329499
In the 228th District Court
Of Harris County, Texas

————◆————

## KEITH DWAYNE JONES
*Appellant*
V.
## THE STATE OF TEXAS
*Appellee*

————◆————

## STATE'S APPELLATE BRIEF

————◆————

**DEVON ANDERSON**
District Attorney
Harris County, Texas

**ALAN CURRY**
State Bar No:  05263700
Assistant District Attorney
Harris County, Texas

**AARON CHAPMAN**
**PAUL FORTENBERRY**
Assistant District Attorneys
Harris County, Texas

1201 Franklin, Suite 600
Houston, Texas  77002
Tel.:  713/755-5826
curry_alan@dao.hctx.net

ORAL ARGUMENT REQUESTED ONLY IF REQUESTED BY APPELLANT

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to TEX. R. APP. P. 9.4(g) and TEX. R. APP. P. 39.1, the State requests oral argument only if oral argument is requested by the appellant.

## IDENTIFICATION OF THE PARTIES

Pursuant to TEX. R. APP. P. 38.2(a)(1)(A), a complete list of the names of all interested parties is provided below.

Complainants, victims, or aggrieved parties:

**Shah Qazi** and **Cheyenne Nicole Butler**

Counsel for the State:

**Devon Anderson** — District Attorney of Harris County

**Alan Curry** — Assistant District Attorney on appeal

**Aaron Chapman** — Assistant District Attorney at trial

**Paul Fortenberry** — Assistant District Attorney at trial

Appellant or criminal defendant:

**Keith Dwayne Jones**

Counsel for Appellant:

**Ken Goode** — Counsel on appeal

**Eric Davis** — Counsel at trial

Trial Judge:

**Hon. Marc Carter** — Presiding Judge

# TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT ........................................................i

IDENTIFICATION OF THE PARTIES .............................................................ii

INDEX OF AUTHORITIES.............................................................. iv

STATEMENT OF THE CASE ............................................................. 1

STATEMENT OF FACTS ............................................................. 1

SUMMARY OF THE ARGUMENT................................................................. 2

REPLY TO POINTS OF ERROR ONE AND TWO................................................. 2

REPLY TO POINT OF ERROR THREE ..................................................... 5

CONCLUSION ............................................................. 8

CERTIFICATE OF COMPLIANCE ............................................................. 9

CERTIFICATE OF SERVICE ............................................................. 10

# INDEX OF AUTHORITIES

## CASES

*Ajisebutu v. State,*
    236 S.W.3d 309 (Tex. App.—
    Houston [1st Dist.] 2007, pet. ref'd) ............................................................. 5

*Culton v. State,*
    95 S.W.3d 401 (Tex. App.—
    Houston [1st Dist.] 2002, pet. ref'd) ............................................................. 4

*Eisen v. State,*
    40 S.W.3d 635 (Tex. App.—
    Waco 2001, pet. ref'd) ................................................................................... 6

*Ex parte Chavez,*
    213 S.W.3d 320 (Tex. Crim. App. 2006) ....................................................... 5

*Gavin v. State,*
    404 S.W.3d 597 (Tex. App.—
    Houston [1st Dist.] 2010, no pet.) ................................................................. 4

*Kirk v. State,*
    949 S.W.2d 769 (Tex. App.—
    Dallas 1997, pet. ref'd) ................................................................................. 5

*Nicholson v. State,*
    738 S.W.2d 59 (Tex. App.—
    Houston [1st Dist.] 1987, no pet.) ................................................................. 7

*Noland v. State,*
    264 S.W.3d 144 (Tex. App.—
    Houston [1st Dist.] 2007, pet. ref'd) ............................................................. 4

*Norton v. State,*
    434 S.W.3d 767 (Tex. App.—
    Houston [14th Dist.] 2014, no pet.) ............................................................... 7

*Pena v. State,*
    285 S.W.3d 459 (Tex. Crim. App. 2009) ....................................................... 7

*Solem v. Helm,*
    463 U.S. 277 (1983) ....................................................................................... 4

*Solis v. State,*
945 S.W.2d 300 (Tex. App.—
Houston [1st Dist.] 1997, pet. ref'd) ................................................................ 4

*Tenon v. State,*
563 S.W.2d 622 (Tex. Crim. App. 1978) ......................................................... 7

*Trevino v. State,*
174 S.W.3d 925 (Tex. App.--
Corpus Christi 2005, pet. ref'd) ....................................................................... 4

*Wynn v. State,*
219 S.W.3d 54 (Tex. App.—
Houston [1st Dist.] 2006, no pet.) .................................................................... 4

*Young v. State,*
425 S.W.3d 469 (Tex. App.—
Houston [1st Dist.] 2012, pet. ref'd) ................................................................ 4

## STATUTES

TEX. CODE CRIM. PROC. ANN. art. 42.07 (Vernon 2014) .................................... 6

## RULES

TEX. R. APP. P. 33.1 ............................................................................................... 7
TEX. R. APP. P. 33.1(a) ...................................................................................... 3, 4
TEX. R. APP. P. 38.2(a)(1)(A) ............................................................................... ii
TEX. R. APP. P. 39.1 ............................................................................................... i
TEX. R. APP. P. 9.4(g) ............................................................................................ i

**TO THE HONORABLE COURT OF APPEALS:**

## STATEMENT OF THE CASE

In cause numbers 1325864 and 1329499, the appellant was charged with committing the felony offense of aggravated robbery on two separate occasions (C.R. I-8; C.R. II-7). To both charges, the appellant entered pleas of guilty without an agreed recommendation from the State as to punishment (C.R. I-97-98; C.R. II-95-96). After the trial judge found the appellant guilty of both charged offenses, he assessed the appellant's punishment at confinement for 25 years in the Correctional Institutions Division of the Texas Department of Criminal Justice (C.R. I-110; C.R. II-107; R.R. 14). Written notices of appeal were timely filed in both cases (C.R. I-116; C.R. II-113).

———————◆———————

## STATEMENT OF FACTS

The State challenges all factual assertions in the appellant's brief and presents its account of the facts within its reply to the appellant's points of error.

———————◆———————

## SUMMARY OF THE ARGUMENT

The appellant has failed to preserve error on his claim that his two 25-year sentences were cruel and unusual and on his claim that he was allegedly denied his right to allocution.

———————◆———————

## REPLY TO POINTS OF ERROR ONE AND TWO

Under his first and second points of error, the appellant claims, "The trial court erred by imposing sentences grossly disproportionate to the offense underlying the convictions resulting in cruel and unusual punishment in violation of" the Eighth Amendment to the United States Constitution and Article I, Section 13 of the Texas Constitution. In these cases, after the defendant pleaded guilty to both offenses and a pre-sentence investigation report had been prepared, a sentencing hearing was held, and the appellant's trial attorney objected to some factual statements in the pre-sentence investigation report (R.R. 5). He objected to the statement in the report that the appellant fired a second shot during the commission of one of the offenses (R.R. 5).

> The objection is that that's an inaccurate statement, Judge. The PSI states that Mr. Jones pointed the gun at the complainant, pulled the trigger, shot him in the head, then fired the second shot, and then continued to try to fire the gun is what the PSI says.

2

The entire incident was captured on video. And the video shows that when Mr. Jones enters, there's a struggle over the gun. And during the course of the struggle, the gun goes off and the complainant is hit, and then he flees the scene after the gun goes off, leaving the gun there.

(R.R. 5). In response to these statements, the trial judge stated that he had viewed the videotape and that he would base his decision upon what was depicted in the videotape (R.R. 5-6).

The appellant's trial attorney then noted that several of the appellant's family members were present in the courtroom, and he briefly proffered what their testimony would be concerning the appellant's punishment (R.R. 7). After the argument of the appellant's trial attorney (R.R. 7-10), the appellant himself was permitted to address the court (R.R. 10), and the appellant's trial attorney concluded with additional argument (R.R. 10-11). After the trial prosecutor made his argument (R.R. 12-13), the trial judge noted that the appellant could have easily been charged with felony murder and/or capital murder for shooting victims with a gun during the commission of two separate aggravated robberies (R.R. 13-14). The trial judge additionally noted that the appellant was a violent gang member (R.R. 14). There was no objection to the trial judge's sentence, and there was no objection to allegedly preventing the appellant from saying anything before sentence could be pronounced (R.R. 14).

A defendant must object when his sentence is assessed or file a motion for new trial to preserve a complaint of cruel and unusual punishment. *See* TEX. R. APP. P.

3

33.1(a); *Noland v. State,* 264 S.W.3d 144, 151-52 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd); *Wynn v. State,* 219 S.W.3d 54, 61 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *Solis v. State,* 945 S.W.2d 300, 301 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd). And a trial judge's decision to impose a sentence on a defendant that falls within the applicable statutory punishment range is not fundamental error. *See Young v. State,* 425 S.W.3d 469, 474 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd); *Trevino v. State,* 174 S.W.3d 925, 928 (Tex. App.—Corpus Christi 2005, pet. ref'd). The appellant's first and second points of error should be overruled on that basis, and on that basis alone.

The State additionally notes that the Eighth Amendment forbids only extreme sentences that are grossly disproportionate to their crimes. *Solem v. Helm,* 463 U.S. 277, 288 (1983). Generally, punishments that fall within the statutory limits do not qualify as cruel and unusual. *Young,* 425 S.W.3d at 474; *Gavin v. State,* 404 S.W.3d 597, 606 (Tex. App.—Houston [1st Dist.] 2010, no pet.). The three objective factors to guide reviewing courts when evaluating proportionality are: (1) the gravity of the offense and the harshness of the penalty; (2) the sentence imposed on other criminals in the same jurisdiction; and (3) the sentences imposed for commission of the same crime in other jurisdictions. *Solem,* 463 U.S. at 290. Only if the gravity of the offense is grossly disproportionate to the sentence should a reviewing court consider the sentences imposed upon other criminals or in other jurisdictions. *Culton v. State,* 95 S.W.3d 401, 403 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd). The appellant has

4

not presented, and the record does not reflect, any evidence in support of a finding of cruel and unusual punishment based upon these three factors.

Appellate courts rarely consider a punishment that is within the statutory range for the offense established by the Legislature to be excessive or unconstitutionally cruel or unusual under either the Texas Constitution or the United States Constitution. *See Ajisebutu v. State,* 236 S.W.3d 309, 314 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd); *Kirk v. State,* 949 S.W.2d 769, 772 (Tex. App.—Dallas 1997, pet. ref'd). In fact, the trial court's discretion to impose any punishment within the prescribed range has been described by the Court of Criminal Appeals as being "essentially unfettered." *Ex parte Chavez,* 213 S.W.3d 320, 323 (Tex. Crim. App. 2006). The appellant was charged with (and pleaded guilty to) two very serious, violent offenses, which could have been much more serious if the appellant had in fact succeeded in killing his victims. The sentences assessed against the appellant were in no way cruel or unusual. The appellant's first point of error should be overruled.

————————◆————————

## REPLY TO POINT OF ERROR THREE

Under his third point of error, the appellant claims that the trial court violated his right to allocution. As noted in the State's reply to the appellant's first two points

of error, and as conceded by the appellant now on appeal, the appellant has failed to object to the denial of a right of allocution—by way of a motion for new trial or otherwise. Since no error has been preserved for the purposes of appeal, the appellant's third point of error should be overruled. The State recognizes that TEX. CODE CRIM. PROC. ANN. art. 42.07 (Vernon 2014) provides:

> Before pronouncing sentence, the defendant shall be asked whether he has anything to say why the sentence should not be pronounced against him. The only reasons which can be shown, on account of which sentence cannot be pronounced, are:
>
> 1. That the defendant has received a pardon from the proper authority, on the presentation of which, legally authenticated, he shall be discharged[;]
>
> 2. That the defendant is incompetent to stand trial; and if evidence be shown to support a finding of incompetency to stand trial, no sentence shall be pronounced, and the court shall proceed under Chapter 46B; and
>
> 3. When a person who has been convicted escapes after conviction and before sentence and an individual supposed to be the same has been arrested he may before sentence is pronounced, deny that he is the person convicted, and an issue be accordingly tried before a jury, or before the court if a jury is waived, as to his identity.

The purpose of this provision is to allow a defendant to alert the trial court to any legal reason that may not be of record that bars the imposition of punishment. *Eisen v. State,* 40 S.W.3d 635 (Tex. App.—Waco 2001, pet. ref'd). The appellant did not at trial, and does not now, claim that any of these reasons apply to him.

To preserve error for appeal, a party is required to make a timely, request, objection, or motion to the trial court and obtain an express or implied ruling. *See*

TEX. R. APP. P. 33.1; *Tenon v. State,* 563 S.W.2d 622, 623-24 (Tex. Crim. App. 1978) (holding that defendant failed to preserve issue for review because she did not object to trial court's "failure to inquire of the appellant if she had anything to say why the sentence should not be pronounced against her"); *Nicholson v. State,* 738 S.W.2d 59, 63 (Tex. App.—Houston [1st Dist.] 1987, no pet.) ("No error is preserved, however, when an appellant does not object to the court's failure to provide appellant his right of allocution or when appellant fails to timely assert the existence of any statutory reason set forth in art. 42.07 to prevent pronouncement of sentence.").

A defendant must clearly convey to the trial court the particular complaint raised on appeal by letting the trial judge know what he wants and why he thinks that he is entitled to it, "clearly enough for the judge to understand him at the time when the judge is in the proper position to do something about it." *Norton v. State,* 434 S.W.3d 767, 771 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (quoting *Pena v. State,* 285 S.W.3d 459, 464 (Tex. Crim. App. 2009)). The appellant has not done that in these cases. Rather, in these cases, the appellant was in fact permitted to speak directly to the trial judge before he was sentenced. There is no indication that the appellant had anything further to say before sentence was pronounced against him. The appellant's third point of error should be overruled.

——————◆——————

## CONCLUSION

It is respectfully submitted that all things are regular and that the convictions should be affirmed.

**DEVON ANDERSON**
District Attorney
Harris County, Texas


/s/ ***Alan Curry***

**ALAN CURRY**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
(713) 755-5826
TBC No. 05263700
curry_alan@dao.hctx.net

# CERTIFICATE OF COMPLIANCE

The undersigned attorney certifies that this computer-generated document has a word count of 1,722 words, based upon the representation provided by the word processing program that was used to create the document.

/s/ **Alan Curry**

**ALAN CURRY**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
(713) 755-5826
TBC No. 05263700
curry_alan@dao.hctx.net

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing instrument has been mailed to the appellant's attorney at the following address on December 31, 2014:

Ken Goode
Attorney at Law
P.O. Box 590947
Houston, Texas  77259

/s/  *Alan Curry*

**ALAN CURRY**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas  77002
(713) 755-5826
TBC No. 05263700
curry_alan@dao.hctx.net

Date:  December 31, 2014

10